222 Pa. Superior Ct. 572 (1972)
Tyson
v.
Basehore et al., Appellants.
Superior Court of Pennsylvania.
Argued June 14, 1972.
September 26, 1972.
Before WRIGHT, P.J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.
*573 F. Lee Shipman, with him Goldberg, Evans, Katzman, for appellants.
Gary M. Lightman, with him Meyers & Desfor, for appellees.
OPINION PER CURIAM, September 26, 1972:
Order affirmed.
CONCURRING OPINION BY HOFFMAN, J.:
This appeal involves two questions: (1) whether jurisdiction of the person may be obtained through deputized service of process issued by a court in a county where neither the cause of action arose nor the defendant may be found, and (2) whether a cause of action may be transferred by a court having no jurisdiction of the person to a court in another county where jurisdiction of the person may be obtained.
Appellees, residents of Cumberland County, instituted this action in Cumberland County for damages arising out of a motor vehicle accident which occurred on October 4, 1969, in Dauphin County. The appellants are residents of Dauphin County.
Appellees filed a praecipe for a writ of summons on February 26, 1971, and a complaint was filed on December 13, 1971. Appellants thereafter filed preliminary objections raising the question of the Cumberland County court's jurisdiction of the person. On January 15, 1972, appellees filed a petition for a change of venue to Dauphin County. The Cumberland County court sustained appellants' preliminary objections and granted *574 appellees' petition to transfer the action to Dauphin County. Appellants have appealed from the lower court's transfer of the action.

I
The first question before us is whether the Cumberland County court had jurisdiction of the person. Jurisdiction refers to both the competency of a court to determine controversies of the general nature of the matter involved, and the power of a court to bind the parties to the litigation by its adjudication. Competency is usually referred to as "subject matter jurisdiction", and the power to bind the parties is known as "jurisdiction of the person."
There is no question that the Court of Common Pleas of Cumberland County had subject matter jurisdiction of the cause of action in the instant case. Where a cause of action is transitory, as in any tort action, "[t]he general rule is . . . that the action may be brought wherever the wrongdoer may be found, and jurisdiction of his person may be obtained." Gossard v. Gossard, 319 Pa. 129, 130, 178 A. 837 (1935). Jurisdiction of the person is obtained by proper service, and if appellants had been properly served, the Cumberland County court would have been able to hear the case and adjudicate the rights of the parties.[1]
Proper service of a defendant in a trespass action may be effected in three ways: (1) by service on the defendant of the court's process within the territorial limits of its authority, (2) by deputized service where *575 the suit is originally brought in the county where the cause of action accrued, or (3) by deputized service where such service is permitted by express statutory authority.[2] In the instant case appellants never entered Cumberland County, and therefore, they could not be served directly. Appellees attempted to obtain jurisdiction of the person by deputized service of appellants in Dauphin County, but this was improper since the suit was not originally brought in the cause of action county and no express statutory authority exists which would permit extra-county service from Cumberland County. Therefore, the lower court properly sustained appellants' preliminary objection challenging the court's jurisdiction of the person.[3]

*576 II
Appellees argue that even if the lower court did not have jurisdiction of the person, the court, nevertheless, had the power to transfer the case to Dauphin County under the transfer of venue provisions of the Pennsylvania Rules of Civil Procedure. Although for procedural purposes objections may be raised on venue and jurisdiction in the same manner,[4] venue is distinguished from jurisdiction in that jurisdiction involves the power to decide a case, while venue refers to the place where the action should be heard.
It is clear that a court may take no action whatsoever in the absence of subject matter jurisdiction. Sklaroff v. Weiner, 204 Pa. Superior Ct. 273, 203 A. 2d 366 (1964); Commonwealth v. Hall, 291 Pa. 341, 140 A. 626 (1928). Unlike the mandatory prerequisite of subject matter jurisdiction, which cannot be acquired by either waiver or consent, a court is not incompetent to act if it lacks jurisdiction of the person, because jurisdiction of the person can be acquired by waiver or consent. See 1 Standard Pennsylvania Practice, Courts §§ 49-50 (1960). The question then becomes whether a lack of jurisdiction of the person, properly raised by timely preliminary objection, would prevent the lower court from transferring the action to a county where jurisdiction of the person could be obtained.
*577 When this action was originally instituted in Cumberland County, venue would have been proper if appellants would have entered the county and had been personally served with process therein.[5] Appellees, however, improperly served the appellants by an unauthorized exercise of the deputized service provisions of the Rules of Civil Procedure. At the moment of this improper service, venue became improper in Cumberland County. Salay v. Braun, 427 Pa. 480, 235 A. 2d 368 (1967). Rule 1006(e) of the Pennsylvania Rules of Civil Procedure provides in relevant part that "[i]mproper venue shall be raised by preliminary objection and if not so raised shall be waived. If a preliminary objection to venue is sustained and there is a county of proper venue within the State the action shall not be dismissed but shall be transferred to the appropriate court of that county." Since any court of common pleas with subject matter jurisdiction would have proper venue if (1) the defendant may be served in the county in which the court sits, or (2) the cause of action arose in that county, improper venue could only exist where there has been improper service of process. See Rule 1042 of the Pennsylvania Rules of Civil Procedure. Appellants, therefore, could have challenged the institution of the action in Cumberland County either by an objection to venue or jurisdiction of the person.
In Nicolosi v. Fittin, 434 Pa. 133, 252 A. 2d 700 (1969), our Supreme Court was faced with a situation virtually identical with that in the instant case. The defendant in Nicolosi had filed preliminary objections *578 to jurisdiction of the person on the ground that there had been an unauthorized use of substituted service, the issuing county not being the "cause of action" county as required by the Rules of Civil Procedure. These preliminary objections were sustained by the lower court, and the court then dismissed the action. The Supreme Court held that the lower court had improperly dismissed the action: "The lower court properly analyzed the nature of the preliminary objections which raised only a question of personam jurisdiction and not venue. However, while the lower court sustained the preliminary objection raising a question of jurisdiction, it went further and dismissed the action. It should not have so done." Nicolosi v. Fittin, supra at 135. The Court relied on Salay v. Braun, 427 Pa. 480, 235 A. 2d 368 (1967), for the above holding. Salay held that where preliminary objections to venue are sustained, the court must transfer the case to the appropriate court and may not dismiss the action.[6]
It is apparent that the only reasonable interpretation of Rule 1006(e) is that appellants' successful attack on the jurisdiction of the person created the "improper venue" contemplated by the Rule. Our Supreme Court's holding in Nicolosi clearly indicates that Rule 1006(e) may be utilized whenever improper venue is established, regardless of whether a party objects on either jurisdictional or venue grounds.
I therefore concur in our Court's affirmance of the court below, sustaining appellants' preliminary objection *579 to the jurisdiction of the court and granting appellees' petition to transfer the cause of action to Dauphin County.
SPAULDING and PACKEL, JJ., join in this concurring opinion.
CONCURRING AND DISSENTING OPINION BY CERCONE, J.:
I agree with the lower court's determination that the deputized service was improper since deputized service is only available where suit has been commenced in the county where the cause of action arose.[1] However, I believe that the court below clearly erred in applying Rule 1006(e) and transferring the action to Dauphin County. Rule 1006(e) authorizing a transfer of venue specifically and expressly applies to that situation where a preliminary objection to venue is made and is sustained. Its language is clear: "(e) Improper venue shall be raised by preliminary objection and if not so raised shall be waived. If a preliminary objection to venue is sustained and there is a county of proper venue within the State the action shall not be dismissed but shall be transferred to the appropriate court of that county . . ." In the instant case, only the service was objected to by defendants. The preliminary objection by defendants was clearly entitled "Preliminary Objection Raising Question of Jurisdiction of *580 Person of Defendants". No objection to the venue was made. In fact, not even in their petition for change of venue did defendants contend there was no venue in Cumberland County. I therefore believe that Rule 1006(e) had no applicability to the facts of this case and that the court below erred in relying thereon as authority for the transfer of the action to Dauphin County.
I concur with the majority's holding that the lower court was correct in sustaining the preliminary objection raising a question of jurisdiction because of the improper deputized service, but I believe it should have permitted the action to remain of record in Cumberland County. This was the conclusion reached by the Pennsylvania Supreme Court in Nicolosi v. Fittin, 434 Pa. 133 (1969). In that case plaintiff sued in Montgomery County on a cause of action arising in Chester County, and service was made on the Secretary of the Commonwealth pursuant to The Non-Resident Motorists Act.[2] The defendant filed preliminary objection to the jurisdiction of the person on the sole ground that the service upon the Secretary of the Commonwealth was improper because the action had not been commenced in the cause-of-action county. The lower court in that case not only sustained the said preliminary objection, but dismissed the action so filed in Montgomery County and granted plaintiffs' petition for transfer of the action to Chester County. On appeal, the Pennsylvania Supreme Court held the lower court merely should have sustained the preliminary objection raising a question of jurisdiction, leaving for further action the suit as filed in Montgomery County. The court reasoned (pp. 135-136): "Plaintiff, while conceding that jurisdiction *581 over the person has not been acquired, seeks to have this action transferred to Chester County, the county in which the cause of action arose. First, he asserts this right under Rule 1006(e). But that Rule applies only if the defendant has successfully attacked the venue of the action. Here defendant made no attack on the venue but only on the jurisdiction of the person. Second, plaintiff asserts the right of transfer under Rule 1006(d). But that Rule only applies where the defendant has been validly served or voluntarily appears, and the court finds that the transfer is more convenient for both parties to the action or for the witnesses. In the absence of any valid service on the defendant, this action has not yet reached the stage where Rule 1006(d) can apply, no defendant having been brought into the litigation.
"The lower court properly analyzed the nature of the preliminary objections which raised only a question of personam jurisdiction and not venue. However, while the lower court sustained the preliminary objection raising a question of jurisdiction, it went further and dismissed the action. It should not have so done. See, Salay v. Braun, 427 Pa. 480, 235 A. 2d 368 (1967). If plaintiff can properly bring defendant on the record, the action may be pursued. Accordingly, we modify the lower court's order." (Emphasis supplied)
The court below ignored this clear holding of the Supreme Court on the reasoning that the true basis of the Supreme Court's decision was the observation made in a footnote that a transfer of the action to Chester County would not have been of value to plaintiff since the defendant died before valid service was made upon him. I cannot agree that this observation served as the basis for the Supreme Court's decision when it made no reference in the body of its opinion to such footnoted ineffectuality of the transfer, but stated in the *582 footnote that its discussion on this point constituted only "additional points". Valid and logical reasoning prevents me from interpreting the footnote and not the body of the opinion as constituting the basis of the court's decision.
Furthermore, it may be noted that the mere fact that defendant in the instant case could not be personally served in Cumberland County at the time plaintiffs filed their suit in that county is not demonstrative of lack of venue. In Salay v. Braun, 427 Pa. 480 (1967), the accident upon which plaintiff's suit was based occurred in Montgomery County. Plaintiff filed suit in Allegheny County, though defendant was a Washington County resident at the time. Deputized service was made in Washington County, but upon defendant's preliminary objection to the jurisdiction of the court over his person, the court set aside the service but did not dismiss the action. Defendant later moved into Allegheny County and personal service was then obtained upon him. Defendant filed preliminary objection challenging the venue of the Allegheny County court. The lower court sustained the preliminary objection, but on appeal the Supreme Court reversed and held there was venue in Allegheny County even if there was no reasonable expectation of personal service on defendant in that county at the time of the commencement of suit, the court reasoning (pp. 482-485): "Rules 1006, 1042 and 1043 of the Pennsylvania Rules of Civil Procedure regulate venue in automobile accident cases. Thereunder, the plaintiff has the option of instituting his action either in the cause of action county or in any county in which the defendant may be served. Since the action is transitory, venue properly lies in any county in which the defendant may be served even though such county is not either his residence or the county in which the cause of action arose. See Hooks v. DuBois, 420 Pa. 65, 215 A. 2d 631 (1966).
*583 "But, asserts the defendant (and this view was adopted by the lower court), the situation existing at the moment the writ was first issued determines the venue question. In other words, venue of the Allegheny County courts in this action must be determined as of the time the suit was filed. With this we do not agree. This is not what our Rules of Civil Procedure say or contemplate. On the contrary, our rules intend that venue may be laid wherever the defendant may be served whether or not he is in the county at the time the suit is started. The propriety of venue is determined retrospectively after the writ is served and on what actually happened in the county of suit after the writ issued.
"The fallacy of the position of the defendant is demonstrated by this example. As the result of the breach of an interstate contract, a resident of Allegheny County is entitled to damages from a resident of Hawaii, where the cause of action arose. The plaintiff, learning that the Hawaiian resident is coming to Pittsburgh, institutes suit in Allegheny County and requests the sheriff to hold the writ until the arrival of the defendant, which occurs within a few days whereupon personal service is made. Is venue proper in Allegheny County? The answer is obvious.
"But, says the defendant herein, the plaintiff `brought the action in a county where there was no reasonable expectation that defendant could be served.' Does this mean that if there were such a `reasonable expectation' venue would lie? Our rules contain no such language and no decision of this Court states such a principle. Moreover, such a principle would lead to chaos and would result in the necessity of a collateral determination of the `reasonable expectation' issue in every action instituted outside of the causes of action or residence county.
*584 . . .
"The action having been `commenced,' the statute of limitations, at least as far as that county is concerned, has been tolled.
"The essence of this argument of the defendant is that the action is `commenced' only if the suit is brought in the county where the defendant then resides or in a county in which there is a `reasonable expectation' that the defendant can be served or in the cause of action county. He states in his brief: `[The Rule] does not say that suit may be brought in any county plaintiff prefers, if he is willing to take the chance that defendant may, eventually, become subject to service there.'
"But, this is what the Rule does say and what the law of Pennsylvania always has been.
"The Rule in Pennsylvania has always permitted a plaintiff (even under the alias and pluries writs of the old practice) to commence an action and keep it alive until he suddenly serves the defendant. See Zoller v. Highland Country Club, 191 Pa. Superior Ct. 207, 156 A. 2d 599 (1959). But this, of course, has always been protected from abuse by the doctrine of non-pros for unreasonable delay in prosecution.
"In the instant case, the original praecipe was filed within the original statutory period and the writ was `reissued' and personally served within the proper reissuance period. Allegheny County is therefore a county of proper venue, and the statute of limitations is therefore unavailable to the defendant after he was served."
For the reasons herein stated, I would affirm that part of the order of the court below sustaining defendants' preliminary objection to the jurisdiction of the Cumberland County court over their persons, but would reverse that part of the order transferring the action to the Dauphin County court.
NOTES
[1] The Act of June 16, 1836, P.L. 784, § 12, 17 P.S. § 251 provides in part: "The courts of the common pleas shall have jurisdiction within their respective counties to hear and determine all pleas, actions and suits, and causes, civil, personal, real and mixed, according to the Constitution and laws of this Commonwealth."
[2] Pa. R.C.P. 1009(e) provides: "When an action is commenced against an individual in a county in which the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose or in any other county authorized by law, or is brought against two or more defendants under Rule 1006(c), the plaintiff shall have the right of service in any other county by having the sheriff of the county in which the action was commenced deputize the sheriff of the other county where service may be had." See also, 12 P.S. § 291; and, similar provisions involving motor vehicle cases at 75 P.S. § 1303. Generally cf. Pa. R.C.P. 1043.

The 1969 amendments to Rules 1009(e) and 1043, which permit deputized service to any county "authorized by law", do not broaden personam jurisdiction in the absence of a specific legislative enactment. Provision is made for extracounty service in actions for an accident or injury occurring on real estate (12 P.S. § 106); actions for breach of covenants of warranty (12 P.S. § 301); and, actions against nonresidents doing business in Pennsylvania (Rule 2079).
[3] Appellees argue that even if service was improperly made, appellants have waived any jurisdictional defenses by (1) entering an appearance, and (2) failing to make timely preliminary objections after the writ of summons was served upon them. These arguments clearly cannot be sustained. Pennsylvania Rule of Civil Procedure 1012 provides that "[a] party may enter a written appearance which shall state an address within the Commonwealth at which papers may be served. Such appearance shall not constitute a waiver of the right to raise any defense including questions of jurisdiction or venue." As to appellees' contention that appellants failed to make timely preliminary objection, it would have been improper for appellants to have filed preliminary objections after the writ was served, since such objections were intended to be a response to a prior pleading. C.E. Williams Co. v. H.B. Pancoast Co., 412 Pa. 166, 194 A. 2d 189 (1963); Monaco v. Montgomery Cab Co., 417 Pa. 135, 208 A. 2d 252 (1965).
[4] Pennsylvania Rule of Civil Procedure 1017(b) (1).
[5] Rule 1042 of the Pennsylvania Rules of Civil Procedure provides: "[An action in trespass] may be brought in a county in which an action in assumpsit may be brought [in a county in which the defendant may be served or in which the cause of action arose] or in any other county authorized by law."
[6] In Standard Oil Co. v. Munday, 150 Pa. Superior Ct. 499, 501, 28 A. 2d 813 (1942), our Court said that "[s]tatutes regarding venue  and the Rules of Civil Procedure have the effect of statutory enactment (Act of June 21, 1937, P.L. 1982)  deal only with the jurisdiction over the person." The Court went on to distinguish venue statutes dealing with jurisdiction of the person from statutes dealing with subject matter jurisdiction, which the Rules could not enlarge or abridge in any way.
[1] Rule 1043 of the Pennsylvania Rules of Civil Procedure, as amended June 27, 1969, effective September 1, 1969, provides: "Deputized Service. When an action against a defendant is commenced in the county where the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose or in any other county authorized by law, the plaintiff shall have the right of service in any other county by having the sheriff of the county in which the action was commenced deputize the sheriff of the other county where service may be had."
[2] Act of November 10, 1959, P.L. 1459, § 1, 75 P.S. § 2001, reflected in Rules 2077 and 2079 of the Pennsylvania Rules of Civil Procedure.