## Lane v. Continental Traveller, Inc.

*John J. Rufe*, for plaintiffs.
*Frederick E. Smith*, for original defendant.
*Robert J. Kupits*, for objecting additional defendant.

MOUNTENAY, *J.*, January 21, 1975—This matter was submitted to the undersigned under local Rule 266 on the preliminary objections of an additional defendant to the complaint of a defendant against the said and other additional defendants. The preliminary objections raise, inter alia, a question of venue, and in light of our disposition of this issue, the other issues raised by the preliminary objections need not be decided.

This action in trespass is an outgrowth of injuries sustained by husband-plaintiff, a construction

worker, resulting from the fall of a crane at a building site in Shartlesville, Berks County, Pennsylvania. An understanding of the relationships between the respective parties as they bear on issues of liability is unnecessary. Suffice it to say that plaintiffs instituted suit against Continental Traveller, Inc. (Continental) and Service Products, Inc. (Service) in Bucks County. Neither defendant maintained an office in this county nor did either regularly conduct business therein. Obviously, the cause of action did not arise in Bucks County, nor did any transaction or occurrence giving rise thereto take place in Bucks County.

In due course Continental filed a defendant's complaint naming four additional defendants, one of which is Landmark Structures, Inc. (Landmark). While the other three additional defendants (all individuals) are residents of Bucks County and were served in Bucks County, Landmark does not maintain an office in Bucks County, nor does it regularly do business here. Service of defendant's complaint was made upon Landmark by deputized service in Lehigh County, whereupon Landmark filed these preliminary objections.

Landmark challenges the propriety of the service of process upon it and thereby attacks the venue: Slezynger v. Bischak, 224 Pa. Superior Ct. 552 (1973). Landmark relies upon the provisions of Pa. R.C.P. 2254(a), which reads in pertinent part as follows:

"*If the venue of the action by the plaintiff against the defendant is properly laid,* the defendant . . . may serve an additional defendant in any other county by having the sheriff of the county in which the action was commenced deputize the

sheriff of the other county where service may be had." (Emphasis supplied.)

Landmark contends, of course, that the venue was not properly laid as to either defendant and that therefore the provision permitting deputized service on an additional defendant is inapplicable.[1]

Is the venue with respect to original defendants properly laid in Bucks County? Pa. R.C.P. 2179(a), relating to corporations generally, provides as follows:

"(a) Except as otherwise provided by an Act of Assembly or by subdivision (b) of this rule, a personal action against a corporation or similar entity may be brought in and only in

"(1) the county where its registered office or principal place of business is located; or

"(2) a county where it regularly conducts business;

"(3) the county where the cause of action arose; or

"(4) a county where a transaction or occurrence took place out of which the cause of action arose."

As we have already seen, neither original defendant falls within the provisions of Pa. R.C.P. 2179(a). Continental tacitly admits this. However, Continental argues that since neither original defendant raised the issue of venue, any impropriety as to venue is waived by reason of the provisions of Pa. R.C.P. 1006(e), which provides in part: "Improper venue shall be raised by preliminary objection and if not so raised shall be waived." The cru-

---

1. No answer having been filed to the preliminary objections, we accept as true all properly pleaded factual averments contained therein: Friz v. Wellener et al., 13 Bucks 616 (1964).

cial issue, of course, is whether an additional defendant should be bound by such a waiver. It has always been recognized that an additional defendant is a party adverse to a defendant joining him: Scone v. Franklin, 62 Lack. Jur. 57 (1960), and this being the case, we think that, in the absence of persuasive authority requiring that additional defendant be bound by the waiver of an original defendant who is an adverse party, additional defendant should not be so bound.

Continental argues alternatively that the provisions of Pa. R.C.P. 1006(c) support venue in Bucks County. This subparagraph reads as follows:

"(c) An action to enforce a joint or joint and several liability against two or more defendants, except actions in which the Commonwealth is a party defendant, may be brought against all defendants in any county in which the venue may be laid against any one of the defendants under the general rules of subdivisions (a) or (b)."

Continental points out that since the three remaining additional defendants were all served in Bucks County, and since venue is clearly proper as to them, and since Continental is seeking to enforce a joint or joint and several liability against all four additional defendants, the action may be maintained in Bucks County against Landmark as well. The difficulty with this position is simply that it is not consistent with the interpretation which we have already given to Pa. R.C.P. 2254(a), supra. As we have seen, that rule permits deputized service upon an additional defendant only if the venue of the action by plaintiff against original defendant or defendants is properly laid. We have already de-

cided that venue was not properly laid as to original defendants and that their waiver of the improper venue was not binding upon Landmark. Moreover, were the provisions of Pa. R.C.P. 1006(c) intended to apply to actions by defendants against additional defendants as well as to actions by plaintiffs against defendants, we think that the rule would have so specified. We note in this connection that Rule 2254(a) specifically by its terms applies to additional defendants, while Pa. R.C.P. 1006(c) simply refers to defendants generally and does not distinguish original defendants from additional defendants. Accordingly, we do not believe that Pa. R.C.P. 1006(c) is applicable to actions against additional defendants.

We hold, therefore, that the present action cannot be maintained in Bucks County so long as Landmark is named as an additional defendant.

## ORDER

And now, January 21, 1975, it appearing that venue is not properly laid in Bucks County but that the action may be maintained in Berks County, the preliminary objections of additional defendant Landmark Structures, Inc. to the complaint of defendant Continental Traveller, Inc. are hereby sustained only insofar as they relate to venue, and the action is hereby transferred, at the cost of plaintiffs, to the Court of Common Pleas of Berks County pursuant to the provisions of Pa. R.C.P. 1006(e). No disposition is made with respect to the remaining preliminary objections of Continental Traveller, Inc.