## Faith v. Wheeler

 

*Aaron Nerenberg,* for plaintiffs.

*Henry Jilotto & Peter Piliebert, III,* for defendants.

MARUTANI, *J.,* January 13, 1976—Defendants, Richard Wheeler and Alice Wheeler ("Wheeler"), have filed preliminary objections raising the question of jurisdiction or venue, to the complaint in trespass filed by plaintiffs, William Faith, Jr. and Florence Faith, his wife ("Faith"). From the pleadings and, in part, of the record, the following appears.

On August 27, 1973, while operating a vehicle in Bucks County, Pa., husband-plaintiff was injured in a three-way collision involving vehicles of defendants, Wheeler and John Shagen. Defendants, Richard Wheeler and Alice Wheeler, are residents of New Jersey, and defendant, John Shagen, apparently was and is a resident of Bucks County, Pa., although the caption to the complaint, but not the body thereof, gives Shagen's address, in brief, as the Federal Aviation Administration, North Philadelphia Airport, presumably being the place of Shagen's employment.

The instant suit in trespass was initiated in Philadelphia County and personal service was effected on defendant, Shagen. As to defendants, Richard Wheeler and Alice Wheeler, service was effected through the provisions of the so-called Non-Resident Motorists Statute: Act of May 14,

1929, P. L. 1721 (No. 563), sec. 1, as amended, 75 P.S. §2001, et seq.

Where the issue is one of improper venue, and "preliminary objection to venue is sustained and there is a county of proper venue within the State, the action shall not be dismissed but shall be transferred to the appropriate court of that county.": Pa. R.C.P. 1006(e). Also see Tyson v. Basehore, 222 Pa. Superior Ct. 572, 295 A.2d 189 (1972), including concurring opinion. However, the difficulty posed in the instant matter before this court, insofar as defendants, Richard Wheeler and Alice Wheeler, are concerned, is whether or not plaintiffs have available to them the provisions of the Non-Resident Motorists Statute inasmuch as this action was *not* "commenced in the county in which the cause of action arose.": Pa. R.C.P. 2079(a). The resolution of this question is governed by the authority as set forth in McCall v. Gates, 354 Pa. 158, 47 A.2d 211 (1946), and, accordingly, we must enter the following

### ORDER

And now, January 13, 1976, upon consideration of Richard Wheeler and Alice Wheeler, raising the preliminary objections of defendants, the question of jurisdiction or venue, it is hereby ordered and decreed that the preliminary objections of defendants, Richard Wheeler and Alice Wheeler, are sustained and plaintiffs' complaint, as to such defendants is dismissed.