## Caplan, Appellant, *v.* Keystone Weaving Mills, Inc.

Argued May 22, 1968. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Theodore R. Mann,* with him *Gerald Gornish,* and *Goodis, Greenfield, Narin & Mann,* for appellant.

*Michael L. Temin,* with him *Charles H. Weidner,* and *Wolf, Block, Schorr and Solis-Cohen,* and *Stevens & Lee,* for appellees.

*Robert D. Abrahams,* and *Abrahams & Loewenstein,* for appellee.

*Alonzo R. Horsey,* and *Henderson, Wetherill & O'Hey,* for appellees.

OPINION BY MR. JUSTICE EAGEN, October 3, 1968:

This action in equity seeking specific performance of a written agreement was instituted in the Court of Common Pleas of Berks County. At the time, the corporate defendant had its business office in the county of suit. It has since been established in Lebanon County. Deputized service of the complaint was made on the individual defendant, Hyman S. Caplan, at his residence in Montgomery County. Deputized service of the complaint on the other individual defendant, Bernerd Caplan, was made at his residence in Lebanon County.

Jurisdiction of the court of Berks County over the person of the defendants because of lack of valid service of the complaint was challenged through prelimi-

nary objections. Likewise, the question of proper venue was raised and a petition for a change of venue was filed.

The lower court sustained the objection to the validity of the service of process on the two individual defendants, but dismissed a similar objection as to the corporate defendant. The correctness of this action is not challenged here. However, the court acting pursuant to the authority given in Sections (d) and (e) in Rule 1006 of the Pennsylvania Rules of Civil Procedure[1] ordered the action transferred to Lebanon County. From this order, the plaintiff appeals.

An interlocutory order is not appealable unless expressly made so by statute. *Adcox v. Pennsylvania Manufacturers' Assoc. Casualty Co.*, 419 Pa. 170, 213 A. 2d 366 (1965). It is conceded that the order appealed from herein is interlocutory, but it is maintained that a question of jurisdiction is involved and, therefore, an appeal is authorized by the Act of March 5, 1925, P. L. 23, §1, 12 P.S. §672. We cannot agree.

There is a distinct and important difference between "jurisdiction" and "venue." *County Construction Company v. Livengood Construction Corp.*, 393 Pa. 39, 142 A. 2d 9 (1958). For procedural purposes, however, objections to venue have been treated by this Court as raising a question of jurisdiction, and we have reviewed under the Act of March 5, 1925, supra, an order of a lower court ruling on the propriety of venue. *County*

---

[1] Rule 1006(d) and (e) provides as follows:

"(d) For the convenience of parties and witnesses the court upon petition of any party may transfer an action to the appropriate court of any other county where the action could originally have been brought . . . .

"(e) . . . If a preliminary objection to venue is sustained and there is a county of proper venue within the State the action shall not be dismissed but shall be transferred to the appropriate court of that county . . . ."

*Construction Company v. Livengood Construction Corp.,* supra; *Gaetano v. Sharon Herald Co.,* 426 Pa. 179, 231 A. 2d 753 (1967). But these cases all involved an order ruling upon the propriety of the venue chosen by the plaintiff. In other words, in such instances we recognized no difference procedurally between a claim that the action was instituted before the wrong tribunal and a claim that the action was brought before a court lacking competence to entertain it. But, this is not this case.

In the pending case, the appeal does not question the jurisdiction of the court of Berks County where the suit was instituted, nor does it dispute that Berks County is one of proper venue. No initial question of jurisdiction or venue is raised. What is challenged is the action of the court below in exercising its discretion in making a choice between two courts, which it must be noted are of equal competence in this action. In short, the only contention is that the court below abused its discretion. This is not jurisdictional.

Finally, we are unpersuaded that cases involving the application of the doctrine of "forum non conveniens" are analogous. In such instances, the appeal is entertained because the order involved is truly "final" and not interlocutory.

Appeal quashed. Costs upon appellant.

Mr. Justice COHEN dissents.