Smith Estate.

Argued October 5, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*James E. Beasley,* with him *Michael T. McDonnell, Jr.* and *C. William Kraft, III,* and *Beasley, Albert, Hewson and Casey,* for appellant.

*Stephen A. McBride,* with him *Garland D. Cherry,* and *Kassab, Cherry, Curran and Archbold,* for appellee.

OPINION BY MR. JUSTICE ROBERTS, March 18, 1971:

This appeal seeks our review of an orphans' court decree denying appellant's petition for a change of venue. Such a decree being interlocutory, the appeal must be quashed.

The present controversy stems from appellant's status as sole beneficiary of a will dated March 11, 1967, and appellee's status as a residuary legatee of a contested after-dated will. At a hearing before the Register of Wills of Delaware County, appellant sought to establish that the date on the second page of the after-dated will had been altered and that the dispositive provisions on the first page of that will had been prepared after the execution of decedent's signature on page two. The Register was unpersuaded by appellant's evidence and admitted the after-dated will to probate.

During the Register's hearing, Joseph Pappano appeared and acted as counsel for appellee. He also testified at the hearing as scrivener of the after-dated will and as a witness to its execution. In addition to the above, Pappano was also counsel to the executor of the after-dated will and solicitor to the Register of Wills. Upon the theory that these diverse roles constituted a conflict of interest fatally infecting the entire proceedings, appellant petitioned the Register to

certify the matter to a Register of Wills of another county. The petition was denied.

An appeal of the Register's decision admitting the after-dated will to probate was then taken to the Orphans' Court of Delaware County. In an opinion announcing its decision to allow the appeal, that court stated: ". . . *We hold that the contestant* [appellant] *has not sustained her burden of proof in this respect.* However, since we allow the appeal, contestant is entitled to be heard and we will set a time for hearing, unless the parties can agree that the case may be decided upon the pleadings and the testimony taken before the Register of Wills." (Emphasis added.) Appellant thereafter petitioned for a change of venue for the reason of Pappano's alleged conflict of interest and upon the additional ground that the sole judge of the Delaware County Orphans' Court had prejudged the case by declaring prior to hearing that appellant had failed to meet her burden of proof. The petition was denied, and the present appeal taken. Appellee's motion to quash the appeal and appellant's answer thereto were subsequently filed.

In this Court appellant argues that Pappano's conflict of interest entitles her to a change of venue under the terms of the fourth paragraph of the Act of March 30, 1875, P. L. 35, §1, as amended, 12 P.S. §111, which directs a change of venue whenever "it shall appear to the court that local prejudice exists and that a fair trial cannot be had in such county." We are additionally referred to the third subsection of the Act of March 30, 1875, P. L. 35, §3, 12 P.S. §113, which provides for a discretionary change of venue when "a fair and impartial trial cannot be had in the county in which any such cause is depending." According to appellant, a fair trial cannot be had in Delaware County because the orphans' court of that county had prejudged the case. It is also appellant's position that the circum-

stances which entitle her to a change of venue also serve to deprive the Delaware County Orphans' Court of jurisdiction over the controversy.

We need not assess the merit of these claims, for the decree appealed from is interlocutory and unappealable. Appellant maintains that her petition for a change of venue was in reality an objection to the court's jurisdiction and that an appeal consequently lies under the terms of the Act of May 5, 1925, P. L. 23, §1, 12 P.S. §672.[1] We cannot agree.

Venue and jurisdiction are not synonymous concepts. "Jurisdiction of subject matter relates to the competency of a court to hear and determine controversies of the general nature of the matter involved. . . . Jurisdiction of the person is ordinarily acquired by service . . . [upon a party] of the court's process within the territorial limits of its authority." *McGinley v. Scott*, 401 Pa. 310, 316, 164 A. 2d 424, 427-28 (1960). Rules of venue, on the other hand, refer to the place where the action may be brought and maintained, and such rules exist primarily "for the convenience of the litigants." *County Const. Co. v. Livengood Const. Corp.*, 393 Pa. 39, 45, 142 A. 2d 9, 13 (1958). According to these definitions, it is evident that the matters asserted as error by appellant are not jurisdictional. Appellant does not contend that the Delaware County Orphans' Court lacked jurisdiction over the parties, and it is equally clear that that court is *generally* competent to hear and determine appeals from a decision

---

[1] The Act of March 5, 1925, reads as follows:

"Whenever in any proceeding at law or in equity the question of jurisdiction over the defendant or of the cause of action for which suit is brought is raised in the court of first instance, it shall be preliminarily determined by the court upon the pleadings or with depositions, as the case may require; and the decision may be appealed to the Supreme Court or the Superior Court, as in cases of final judgments."

by the Register of that county to admit a will to probate. See the Register of Wills Act of 1951, P. L. 638, Art. II, §208, 20 P.S. §1840.208, and the Orphans' Court Act of 1951, P. L. 1163, Art. III, §301, as amended, 20 P.S. §2080.301(14).

It is of course true that "for procedural purposes objections to venue are treated as raising a question of jurisdiction . . .," and, accordingly, the overruling of preliminary objections to venue has been held to be an appealable order. *Gaetano v. Sharon Herald Co.,* 426 Pa. 179, 181 n.1, 231 A. 2d 753, 755 n.1 (1967); *County Const. Co. v. Livengood Const. Corp.,* supra. "But these cases all involved an order ruling upon the propriety of venue chosen by the plaintiff. In other words, in such instances we recognized no difference procedurally between a claim that the action was instituted before the wrong tribunal and a claim that the action was brought before a court lacking competence to entertain it." *Caplan v. Keystone Weaving Mills, Inc.,* 431 Pa. 407, 410, 246 A. 2d 384, 386 (1968).

That is not the situation here. The present controversy was *not* instituted before the wrong tribunal. Venue in Delaware County was unquestionably proper under the Orphans' Court Act of 1951, P. L. 1163, Art. III, §305, 20 P.S. §2080.305.[2] Appellant's only quarrel is with the court's refusal to grant a *change* of venue, and that is not a jurisdictional matter. See *Caplan v. Keystone Weaving Mills, Inc.,* supra.

---

[2] The cited statute provides:

"When a Pennsylvania orphans' court has jurisdiction of a decedent's . . . estate, except as is otherwise provided by law, the venue for all purposes shall be as follows:

"(1) Decedents' estates. In the case of a decedent's estate, in the county where the letters are granted to the personal representative, and in the absence of such letters, then where the decedent had his last family or principal residence, and if the decedent had no domicile in the Commonwealth, then in any county where any of his property is located."

Nor are we persuaded by appellant's suggestion that this interlocutory appeal should be allowed because of the presence of "exceptional circumstances" of the sort contemplated by our decision in *Hauser v. Goldstein*, 434 Pa. 84, 86, 252 A. 2d 616, 617 (1969). The instant case is not "exceptional" in this sense. It has not been alleged nor does it otherwise appear that any irreparable harm would flow if an appeal is not allowed at this stage of the litigation. There is no apparent reason why appellant could not preserve her present claims and raise them, if need be, in a later appropriate appeal.

Finally, appellant contends that this Court has jurisdiction to hear the present appeal by virtue of the Act of June 16, 1836, P. L. 784, §1, 17 P.S. §41, and Article 5, Sections 10(a) and (c) of the Pennsylvania Constitution. The Act of June 16, 1836, declares our general power "to minister justice to all persons, in all matters whatsoever." Section 10(a) of Article 5 of our Constitution grants to this Court "general supervisory and administrative authority over all the courts . . ., including authority to temporarily assign judges . . . from one court or district to another as it deems appropriate." And Section 10(c) of the same article grants a related power "to prescribe general rules governing practice, procedure and the conduct of all courts . . ., including the power to provide for assignment and reassignment of classes of actions or classes of appeals . . . as the needs of justice shall require. . . ." We do not believe that these statutory and constitutional provisions were intended to circumvent the strong policies underlying the unappealability of interlocutory orders or decrees, especially in a case such as the present one where no irreparable injury is threatened and no other unusual consideration favors the allowance of an appeal from an otherwise unappealable decree.

The appeal is quashed, Each party to pay own costs.

Mr. Justice COHEN took no part in the decision of this case.