Norman *v.* Norfolk and Western Railway
Company, Appellant.

Argued April 8, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*David G. Klaber,* with him *Kenneth L. Salmon* and *Kirkpatrick, Lockhart, Johnson & Hutchison,* for appellant.

*William W. McVay,* with him *McArdle, McLaughlin, Paletta & McVay,* for appellee.

OPINION BY CERCONE, J., June 21, 1974:

This is an appeal by defendant, Norfolk & Western Railway, from the lower court's refusal to grant its preliminary objections to a complaint in trespass filed by plaintiff, Wallace E. Norman.

The complaint alleges a violation by defendant of the Federal Employers' Liability Act (F.E.L.A.), 45 U.S.C. §56 (1964), as amended,[1] which violation purportedly resulted in injury to plaintiff at or near Stone, Kentucky.

Defendant's preliminary objections were in a nature of a petition raising a question of venue under the doctrine of forum non conveniens and under Rule 1006(d) of the Pennsylvania Rules of Civil Procedure,[2] and were presented as a request for a dismissal of the case in Allegheny County so that it could be brought in the appropriate forum in West Virginia or Kentucky. The defendant also stipulated that it would waive the statute of limitations if the court granted its preliminary objections and dismissed the case.

Plaintiff filed an answer to defendant's preliminary objections and a hearing on the question of "transfer" was held before the lower court, without a jury. No testimony was offered at the hearing; however, certain evidentiary matters were urged by counsel for both sides and considered by the court. Upon consideration of

---

[1] Actions brought under the F.E.L.A. may be brought in any federal district court where the defendant resides, the cause of action arose, or in which the defendant does business, and, concurrent therewith, in any state court which might otherwise have jurisdiction.

[2] Paragraph (d) of Rule 1006 of the Pennsylvania Rules of Civil Procedure provides that in the interest of the "convenience of parties and witnesses" a court may transfer an action to a court of any other county where the action could have been brought originally. Of course, this rule is not applicable in the instant case because the defendant does not want this case litigated in any court of Pennsylvania, and we cannot "transfer" the case to another state.

these matters the lower court dismissed defendant's preliminary objections and indicated that it based its decision mainly on plaintiff's right to choose a forum and the fact that his significant medical treatment had been provided in Allegheny County. This appeal followed.[3]

The facts in this case are as follows. The defendant is a railroad corporation, duly organized and existing under the laws of Virginia and having its principal place of business in Roanoke, Virginia. It regularly conducts business in Western Pennsylvania as part of its multi-state rail network primarily on a branch line from Brewster, Ohio to Connellsville, Pennsylvania. Its main business is transacted in states south of Pennsylvania. It also operates a branch line in and near Stone, Kentucky, the site of plaintiff's injuries, and has offices in and near Williamson, West Virginia. The communities of Stone and Williamson are one mile apart.

Plaintiff, Mr. Norman, is a resident of Kentucky although his mailing address is Williamson, West Virginia. At the time of the accident he was employed by N & W as a brakeman and on October 1, 1970, was injured at Stone, Kentucky, when in the process of coupling together air hoses his right foot slipped, allegedly on iron ore or coke pellets located on a track tie between the cars he was working on, causing him injury to his lower back and legs.

---

[3] Orders involving the application of the doctrine of forum non conveniens are considered final in nature. *Caplan v. Keystone Weaving Mills, Inc.*, 431 Pa. 407, 410 (1968). This being so, the present appeal to our court is authorized by the Act of July 31, 1970, P. L. 673, No. 223, Article III, §302, 17 P.S. §211.302. Further, we have jurisdiction over matters of venue since they are treated as jurisdictional in nature: *Gaetano v. Sharon Herald Co.*, 426 Pa. 179 (1967); and by virtue of the Act of March 5, 1925, P. L. 23, §1, 12 P.S. §672. In addition, the lower court certified this matter to us in accordance with provisions of the Appellate Court Jurisdiction Act of 1970, July 31, 1970, P. L. 673, No. 223, Article V, §501, 17 P.S. §211.501.

While there are no eyewitnesses to the alleged incident, there are five witnesses who were near the scene of the accident at the time it occurred who, allegedly, are familiar with the ground condition at the time and at the point plaintiff fell. These witnesses, according to defendant, will be able to testify as to their personal observations of plaintiff's condition after the accident and as to what he said subsequently relative to the accident. In addition, there are two other witnesses who were also familiar with the ground conditions in the area before and after the accident and will testify that N & W had no advance notice of any dangerous conditions in that area. All seven of these witnesses, allegedly, will also testify as to the proper method to be applied in coupling air hoses.

All these witnesses reside near plaintiff's home in the vicinity of Stone, Kentucky and Williamson, West Virginia, which are located approximately 340 miles from Pittsburgh. Due to the distances involved, all of these witnesses reside beyond the subpoena power of the Court of Common Pleas of Allegheny County.

After the alleged accident plaintiff received medical evaluation and treatment initially at a clinic in South Williamson, Kentucky under the care of Dr. Fred W. Wampler who rendered a preliminary diagnosis and prescribed medication. Four days later Mr. Norman began an intensive series of examinations and treatments with Dr. Duane A. Schram and received treatments at the Appalachian Regional Hospital in South Williamson, Kentucky. In March of 1971 plaintiff was referred to a neurosurgeon, Dr. Russell Meyers, at the same hospital. In the spring of 1971 plaintiff stopped seeking medical and therapeutic assistance from Dr. Schram and sought the services of Dr. Paul B. Steele, Jr. in Pittsburgh. Doctors Wampler, Schram and Meyers all reside in the vicinity of plaintiff's home, and are also beyond the subpoena power of the Court of Common

Pleas of Allegheny County. Plaintiff's doctor, Dr. Steele, resides in Allegheny County.

Complicating the picture is the fact that the accident allegedly took place on premises belonging to and under the control of the Eastern Coal Company (Eastern). Defendant alleges that Eastern does not transact business in Allegheny County, Pennsylvania and consequently cannot be made an additional defendant in the Allegheny County action. Thus, defendant alleges that unless this matter is litigated in the vicinity of plaintiff's home, a separate action may well have to be initiated in either Kentucky or West Virginia in order to ultimately resolve this matter.

The defendant invokes the doctrine of forum non conveniens on the grounds that the facts demonstrate a clear case of inconvenience and a strong case for dismissal. The defendant asserts that it will not raise any defense based on the statute of limitations if its motion is granted.

The plaintiff contends that the motion to dismiss should not be granted because his choice of forum may not be disturbed except for weighty reasons; and that, in this regard, the lower court did not abuse its discretion in not finding such weighty reasons to be present. *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501 (1947). Plaintiff contends that his propositions are bolstered by the fact that Dr. Steele, who resides in Allegheny County, examined plaintiff on numerous occasions and in addition performed a laminectomy and excised two protruding intervertebral lumbar spinal discs.

Journeying to the question of whether this is one of those cases where the doctrine of forum non conveniens should be applied, we look first to the interest of the litigants. Important considerations in this area are the relative ease of access to sources of proof; the availability of compulsory process for the attendance of unwilling witnesses; the cost of obtaining attendance

of willing witnesses; the possible need for a view of the premises, if view would be appropriate to the action; and all other practical problems that make trial of a case expeditious and inexpensive. *Gulf Oil Corp. v. Gilbert,* supra.

The factors pertaining to public interest to be considered here encompass administrative difficulties which follow for courts when litigation is piled up in congested centers instead of being handled in the jurisdiction of its origin. *Gulf Oil Corp. v. Gilbert; Koster v. Lumberman's Cas. Co.,* 330 U.S. 518 (1947). It does not comport with equity and justice to allow a suit to be litigated in a forum where, on balance, unnecessary hardship and inconvenience would be cast upon one party without compensatingly fair convenience to the other parties; and where, the suit might be more conveniently litigated in another forum available equally to both parties.

Plaintiff cites the case of *Walker v. Ohio River Co.,* 416 Pa. 149 (1964) in support of its position objecting to the application for change of venue under the doctrine of forum non conveniens. That case involved separate appeals in two separate suits involving the same issue. Plaintiff Walker was injured on defendant's vessel as it moved eastward on the Ohio River from Cincinnati. Plaintiff Wilson was injured on defendant's vessel while it moved up the river to Pittsburgh. Plaintiff Walker resided in Manchester, Ohio and all the witnesses were from Ohio. The place of her hospitalization was in Cleveland, Ohio. Plaintiff Wilson lived in Huntington, West Virginia and the witnesses came from West Virginia and Ohio. The lower court in Walker sustained the preliminary objections and granted a change of venue. The Supreme Court of Pennsylvania reversed, holding that plaintiff's choice of place of suit should not be disturbed except for "weighty reasons" and found nothing in the record which would

support the dismissal of plaintiff's action in Allegheny County. As for the inconvenience to the defendant, the Supreme Court said in *Walker* that the neighboring states of West Virginia and Ohio were not so distant that transportation of witnesses to Pittsburgh would create exorbitant expense or a great loss of time.

On the other hand, defendant cites the case of *Rini v. New York Cent. R.R.*, 429 Pa. 235 (1968) which reached a different result on facts strikingly similar to those in *Walker*. *Rini* involved companion appeals of three plaintiffs from an order of the lower court granting defendant's motion to dismiss plaintiff's actions under the doctrine of forum non conveniens. Plaintiff Rini was injured in an accident occurring in Cleveland where he resided. There were fourteen proposed witnesses—four of whom were doctors who resided in Cleveland, Ohio, while none of the other witnesses resided in Allegheny County. Rini was confined in two hospitals in Cleveland and appropriate forums were available to the plaintiff both in the state and federal courts in Cleveland, Ohio. Plaintiff Brant was injured in an accident occurring in Cleveland, Ohio where he resided. There were thirteen witnesses, including a doctor from Cleveland and there were no witnesses who resided in Allegheny County. Brant was hospitalized in Cleveland where hospital personnel were possible witnesses. There were appropriate forums in addition to Allegheny County available to the plaintiff. Plaintiff Masterson was injured in an accident which occurred in Westfield, New York. Masterson resided in Erie, Pennsylvania, and all five of plaintiff's physicians were in Erie. There were no witnesses who resided in Allegheny County. This plaintiff also had other appropriate forums outside of Allegheny County. Citing the general rules that the plaintiff's choice of forum would be given great weight and that the discretion of the trial court would not be overturned unless there was an abuse of

discretion, the Supreme Court affirmed the lower court's order dismissing plaintiff's actions and granting a change of venue. The Court, however, specifically noted that the statute of limitations posed no problem for any of the plaintiffs in that case.[4]

While the Court in *Rini* held that the trial court did not abuse its discretion in granting the defendant's motion to dismiss on grounds of forum non conveniens, the more significant aspect of the case is its clarification of the test to be applied in such cases. The principal criteria that the Court looked to were those of the Restatement 2d, Conflict of Laws §84 (formerly §117e in the tenative drafts), which provides: "A state will not exercise jurisdiction if it is a seriously inconvenient forum for the trial of the action provided that a more appropriate forum is available to the plaintiff." Comment a to Section 84 indicates the problem to be solved by applying the doctrine—that plaintiffs may bring the suit in an inconvenient forum in the hope that they will secure easier or larger recoveries or so add to the costs of the defense that the defendant will take a default judgment or compromise for a larger sum.

This problem is especially acute in F.E.L.A. cases, in large part because railroads are amenable to service in many jurisdictions simply because of the nature of their business. As one author noted: "The doctrine of forum non conveniens can be most useful in suits against railroads under the Federal Employers' Liability Act where the most flagrant examples of abuse of the venue privilege are found."[5] Since that article was written, however, the federal courts have resolved the problem by applying the federal "transfer" statute to

---

[4] Nor will gaining service in the appropriate forum pose any problem when defendant is a large interstate railroad.

[5] Barrett, The Doctrine of Forum Non Conveniens, 35 Cal. L. Rev. 380, 399 (1947).

F.E.L.A. cases,[6] thus in one stroke eliminating the inconvenient forum problem and obviating the necessity for stipulations as to the defendant's amenability to service in the appropriate forum and its waiver of any defense based upon the statute of limitations. As the Court noted in *Norwood v. Kirkpatrick,* 349 U.S. 29 (1955), the transfer statute allows the federal courts to apply more lenient standards than those applied formerly under the doctrine of forum non conveniens simply because the doctrine, as formerly applied in federal courts, required an outright dismissal of the case at the obvious injury to the plaintiff.

Unfortunately, the result of the application of the transfer statute in the federal courts has been the institution of F.E.L.A. cases in inconvenient state courts, because state courts, mindful of the dismissal problem, are reluctant to apply the doctrine of forum non conveniens and thereby put the plaintiff out of court, often irremediably. This abuse prompted at least one distinguished authority to state: "[I]ncreased application of the [federal transfer statute] by the federal courts has given considerable impetus to a utilization by state courts of a state doctrine of *forum non conveniens* that protects the state courts against an unwarranted imposition upon their jurisdiction."[7]

There is no reason to rigidly apply the doctrine, however, since there is no necessity that the courts of Pennsylvania choose from only the alternatives of hearing the case or dismissing it. As the Restatement indicates, a state court may also "dismiss the action . . . conditionally (as by requiring that the defendant stipulate to accept service of process and not plead the statute of limitations in some second state that is deemed a more

---

[6] 28 U.S.C.A. §1404(a) (1970). The statute is substantially the same as the Pa. R. C. P. 1006(d), supra.

[7] 1A Moore's Fed. Pract. ¶0.204 at p. 2206.

convenient forum), or else stay the action pending institution of suit and service of process upon the defendant in a more convenient forum."[8]

When these tools are appropriately applied, the likelihood of prejudice to the plaintiff is so substantially diminished that for all practical intents and purposes the result is the same as that reached by the federal court's employment of their transfer statute. In that light the federal cases, which are far more numerous, become persuasive authority.

In the interest of the convenience of parties and witnesses, and in the public interest, the federal courts favor transfer when the distance from the site of the subject of litigation to the site of plaintiff's chosen forum is considerable, when the witnesses are beyond the subpoena power of plaintiff's chosen forum and when the case can be moved more expeditiously. In *Detrick v. Baltimore & O.R.R. Co.*, 330 F. Supp. 257 (E.D. Pa. 1971), the case was transferred to the District Court in Maryland because all witnesses resided 218 miles or more from the court in Pennsylvania but in or near the District of Maryland, and all witnesses were beyond the subpoena power of the Pennsylvania court. Consideration was given to (1) the site of subject litigation; (2) accessibility of premises involved in litigation to view by jury; (3) relevant congestion of court dockets and prospects for earlier trial; (4) ease of access to source of proof; (5) availability of unwilling witnesses to service of subpoena; and (6) cost of attendance in trial by willing witnesses. The court said all these matters weighed the balance strongly in favor of defendant

---

[8] Restatement, Conflict of Laws §84, Comment e. See also, Barrett, supra, note 5, 35 Cal. L. Rev. at 421. It has been said the fundamental issue is "whether the ends of justice might better be served by trial elsewhere, and *on what terms*." Foster, Place of Trial in Civil Actions, 44 Harv. L. Rev. 41, 50 (1930). (Emphasis added).

even though plaintiff's choice of forum should rarely be disturbed.[9]

On balance, in light of the *Rini* case (although we recognize that three strong dissenting opinions were filed), together with our consideration of the federal cases cited above, we conclude that the railroad has satisfied its burden of proving a clear case of inconvenience. In light of the fact that the railroad has stipulated that it will not raise the statute of limitations, we find that the lower court abused its discretion in not granting the defendant's preliminary objections based upon forum non conveniens. While we recognize that the plaintiff's expert resides in Allegheny County, we also note that experts are *selected* by the parties and are available virtually anywhere in the United States. To give controlling weight to this factor would allow any plaintiff to easily circumvent the forum non conveniens doctrine by choosing an expert in an inconvenient forum. Furthermore, the plaintiff has not indicated that Doctor Steele would be unwilling to appear as a witness in one of the more appropriate forums.

Order of the lower court is reversed, and the proceedings are stayed pending plaintiff's timely institution of suit in an appropriate forum, and the defendant's submission to service of process therein.

---

[9] See also *Rogers v. Baltimore & O.R.R.*, 219 F. Supp. 598 (W.D. Pa. 1963) ; *Hostetler v. Baltimore & O.R.R.*, 164 F. Supp. 72 (W.D. Pa. 1958) ; *Carbeck v. Baltimore & O.R.R.*, 160 F. Supp. 626 (E.D. Pa. 1958) ; *Rhoton v. Interstate R.R.*, 123 F. Supp. 34 (E.D. Pa. 1954).