Anderson, Appellant, *v.* Uva et al.

Argued June 18, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Richard J. Van Roden,* with him *Solo, Bergman & Padova,* for appellant.

*J. Lambert,* with him *James J. McCabe,* and *Duane, Morris & Heckscher,* for appellees.

OPINION BY JACOBS, J., September 23, 1974:

The narrow issue involved in this case is whether a court after dismissing a complaint because of lack of personal jurisdiction must transfer the action under Pa. R.C.P. 1006(e)[1] to an appropriate county where jurisdiction can be obtained.

Briefly stated, the facts are as follows: Appellant, a resident of Philadelphia County, was allegedly injured when she fell on the premises of appellees, residents of Bucks County. On August 22, 1972, appellant filed a timely complaint in trespass in Philadelphia County. The complaint was then served on appellees in Bucks County by the Sheriff of Bucks County by way of deputized service. In their preliminary objections, appellees alleged that service was improper and asked that the service be stricken and the complaint dismissed. In her answer to appellees' preliminary objections, appellant admitted that the service was improper but further averred that she would file a petition to transfer the action to Bucks County. The petition to transfer the action under Pa. R.C.P. 1006(e) was filed on December 21, 1972. On March 27, 1973, the lower court sustained appellees' motion to strike the service, denied appellant's petition to transfer, but

---

[1] Rule 1006(e) of the Pennsylvania Rules of Civil Procedure states: "Improper venue shall be raised by preliminary objection and if not so raised shall be waived. If a preliminary objection to venue is sustained and there is a county of proper venue within the State the action shall not be dismissed but shall be transferred to the appropriate court of that county. The costs and fees for transfer and removal of the record shall be paid by the plaintiff."

refused to dismiss the action. No appeal was taken from that order. On August 17, 1973, appellant reinstated her action and attempted service upon appellees in Philadelphia County. This service, however, was again improper and on December 3, 1973, the lower court sustained appellees' preliminary objections and, this time, dismissed the complaint. Appellant has appealed the lower court's order of December 3, 1973.

Appellant contends that under Pa. R.C.P. 1006(e) the court below was obligated to transfer the action to Bucks County[2] after dismissing the complaint because of lack of personal jurisdiction. On the other hand, appellees argue that their preliminary objections went to personal jurisdiction, not venue, and therefore, Rule 1006(e) is not applicable.

Our recent decision in *Slezynger v. Bischak,* 224 Pa. Superior Ct. 552, 307 A.2d 405 (1973), is determinative of the present case. In *Slezynger,* the defendant, a resident of Beaver County, objected to the jurisdiction of the Allegheny County Court because of deputized service in Beaver County. The Allegheny County Court dismissed the action for lack of personal jurisdiction but failed to transfer the action to Beaver County where service could properly be obtained. After finding that such an objection to service of process brings into question both personal jurisdiction and venue, our Court reversed and directed the Allegheny County Court to transfer the action to Beaver County in accordance with Rule 1006(e). See also *Tyson v. Basehore,* 22 Cumb. 53, *aff'd per curiam,* 222 Pa. Superior Ct. 572, 295 A.2d 189, *allocatur refused,* 222 Pa. Superior Ct. *xxxii* (1972).

---

2 Bucks County would clearly be a county of proper venue where personal jurisdiction over appellees could be obtained because the cause of action arose there and appellees are residents of that county. See Pa. R.C.P. 1006(a).

In the present case, when appellees objected to the service of process, they in effect questioned the propriety of both jurisdiction over their persons and venue. After dismissing the complaint on the basis of either lack of personal jurisdiction or improper venue, the court below should have transferred the case to Bucks County where venue could be properly laid.

Appellees also argue that by failing to appeal the lower court's order of March 27, 1973, in which the lower court denied appellant's petition to transfer, appellant is precluded from attacking the failure to transfer on this appeal. Appellees further contend that the lower court should not *sua sponte* transfer the case upon dismissing the action.

First, we find that appellant by failing to appeal the March 27 order denying the transfer did not waive her right to question it on this appeal. The granting or denying of petitions to transfer a case to another county are interlocutory orders and not appealable as jurisdictional questions under the Act of March 5, 1925, P.L. 23, §1, 12 P.S. §672. *See Smith Estate,* 442 Pa. 249, 275 A.2d 323 (1971) (lower court's denial of petition for a change of venue held not appealable under the Act of 1925). *Caplan v. Keystone Weaving Mills, Inc.,* 431 Pa. 407, 246 A.2d 384 (1968) (court's order transferring case to another county held not appealable under the Act of 1925). Hence, appellant had no right to appeal the order denying her petition to transfer prior to the order dismissing her complaint.

Second, although our discussion regarding the right of appellant to raise the issue of the denial of her petition to transfer disposes of any need to determine whether the court was required to transfer the case *sua sponte,* we have come to the conclusion that the lower court instead of dismissing the case should have transferred it under Rule 1006(e) on its own motion since it found that venue was improper. In *Helsel*

*v. Rodgers,* 440 Pa. 516, 269 A.2d 917 (1970), defendants objected to the jurisdiction and venue of the court in the county where the action was brought. The Pennsylvania Supreme Court sustained their objections and held that the action should have been brought in another county. Although, as reflected by the briefs and record, none of the parties requested that the case be transferred to the proper county, the Supreme Court ruled that "the court below should have transferred this action in accordance with Pa. R.C.P. 1006(e)." *Id.* at 521, 269 A.2d at 920. Accordingly, instead of dismissing the action, a court of common pleas should on its own motion transfer it to the proper county if a preliminary objection to venue is sustained.

The Order of the lower court dismissing appellant's complaint is reversed, and the court is directed to transfer the case to Bucks County.