## National Label Co., Inc., v. Rapp et al.

*K. M. Cushman*, for plaintiff.
*High, Swartz, Roberts & Siedel*, for defendants.

SPORKIN, *J.*, November 25, 1974—This case comes before the court upon preliminary objections by one of the defendants, Leigh Evan Kwait (defendant Kwait) in the form of a motion to strike off the complaint, or alternatively to grant a change of venue. The complaint is lodged in four separate counts. Count 1 sounds in assumpsit against defendant Wolfgang Rapp and defendant Kwait t/a Wolfgang Rapp and Associates. Count 2 sounds in trespass against the same defendants. Count 3 sounds in assumpsit against defendant C. Raymond Davis & Sons, Inc., and defendant St. Paul Fire and Marine Insurance Co. Count 4 sounds in trespass against C. Raymond Davis & Sons, Inc.

In the motion to strike the complaint, defendant Kwait argues that we must defer jurisdiction to a clause in the contract which provides for arbitration of all disputes arising therefrom. Our courts have held that a complaint should not be *dismissed* where such an arbitration clause is contained in the contract; rather, the proper statutory procedure in such a circumstance is for the court to stay further proceedings at law pending the outcome of arbitration proceedings as provided by section 2 of the Arbitration Act of April 25, 1927, P.L. 381, (no. 248), sec. 2; June 21, 1935, P.L. 400, sec. 1, 5 PS §162;[1] Central Contracting Co. v. C. E. Youngdahl and Co., 418 Pa. 122, 209 A. 2d 810 (1965).

---

1. It is parenthetically to be noted that plaintiff states in its brief that it will voluntarily stipulate to such a stay of proceedings.

Turning now to the motion for a change of venue, defendant Kwait avers in support thereof that: (1) plaintiff, defendants Rapp and Kwait, and defendant Wolfgang Rapp & Associates live and/or have their place of business in Montgomery County; (2) defendant C. Raymond Davis & Sons, Inc., has its place of business in Chester County; (3) all acts or occurrences out of which this action arose took place in Montgomery County; and (4) it is imperative to have this case tried in Montgomery County in that trial of the case will necessitate a view of the premises in question by the jury. Particularly in light of the last averment, and further in deference to the inconvenience to the parties of a trial of this issue in Philadelphia County, we are disposed to sustain the preliminary objections in the form of a motion for change of venue to Montgomery County: Caplan v. Keystone Weaving Mills, 60 Berks 128 (1968), appeal quashed 431 Pa. 407, 246 A. 2d 384 (1968).

Accordingly, in light of the foregoing discussion, we enter the following

## ORDER

And now, November 25, 1974, upon consideration of the preliminary objections of defendant Leigh Evan Kwait and the answer thereto by plaintiff National Label Company, Inc., it is hereby ordered and decreed that the motion to strike be and hereby is denied, with the proceedings to be stayed, however, pending determination of the contractual arbitration proceedings.

It is further ordered that venue be transferred to Montgomery County.