Ro-Med Construction Co., Inc. *v.*
Clyde M. Bartley Co., Inc.,
Appellant, et al.

Submitted November 17, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*George H. Hancher*, for appellant.

No appearance entered nor brief submitted for appellee.

OPINION BY VAN DER VOORT, J., March 29, 1976:

Appeal is taken from an Order of the lower court dismissing preliminary objections of appellant. Appellant's objection as to proper venue is the only issue before us.

The record shows that appellee filed a complaint in assumpsit as above-captioned, averring that the corporate defendant had an office in Lawrence County and

that the individual defendant resided in Lawrence County. Appellant objected preliminarily that venue was improperly laid as to it, alleging that its registered place of business was Beaver County and that the performance of the contract involved was in Mercer County. The preliminary objections were endorsed with the standard notice to plead within twenty days. Appellee filed no answer to these objections. The lower court dismissed the objections, saying in its opinion that, first, appellant had failed to raise the issue of venue, and secondly, it failed to support its assertions. With this first conclusion we must disagree. Appellant's preliminary objections[1] contained a "petition as to venue" and in its petition appellant asked for transfer of venue because of improper "venue and jurisdiction". With the second however we must agree for reasons stated herein below.

"Orders made on preliminary objections are interlocutory, and ordinarily not appealable" in the absence of a statute providing for appeal. *Wilcox v. Evans*, 190 Pa. Superior Ct. 166, 168, 153 A.2d 817, 818 (1959). Also *Pincus v. Mutual Assurance Co.*, 457 Pa. 94, 321 A.2d 906 (1974). However, the Act of March 5, 1925, P.L. 23, 12 P.S. §672, provides as follows: "Wherever in any proceeding at law or in equity the question of jurisdiction over the defendant or of the cause of action for which suit is brought is raised in the court of first instance, it shall be preliminarily determined by the court upon the pleadings or with depositions, as the case may require; and the decision may be appealed to the Supreme Court or the Superior Court, as in cases of final judgment." While the distinction in terminology between "jurisdiction" and "venue" has unfortunately been obliterated to a great degree, our Supreme Court has spoken with authority that objections as to venue do raise questions of jurisdiction. *Caplan v. Keystone Weaving Mills, Inc.*, 431 Pa. 407, 246 A.2d 384 (1968). As to the propriety of the

---

1. See *Pa.R.C.P.* 1017(b) (1).

venue chosen by a plaintiff, no procedural difference shall be noted between that and a strictly jurisdictional question of selecting a court possessing competence to entertain the case. Thus, it appears that improper venue is raised by preliminary objections. Pa. R.C.P. 1006(e) and *Hohlstein v. Hohlstein*, 223 Pa. Superior Ct. 348, 296 A.2d 886 (1972). Based upon the foregoing, we hold that this case is properly appealed, and we shall, pursuant to our jurisdictional duty,[2] and the right given for appeal by the Act of 1925, *supra*, consider appellant's question. See *Commonwealth ex rel. Levinson v. Levinson*, 193 Pa. Superior Ct. 434, 165 A.2d 429 (1960).

*Pennsylvania Rule of Civil Procedure* No. 2179(a) mandates that "a personal action against a corporation or similar entity may be brought in and only in:

(1) The county where its registered office or principal place of business is located; or

(2) A county where it regularly conducts business [(note omitted); or]

(3) The county where the cause of action arose; or

(4) A county where a transaction or occurrence took place out of which the cause of action arose."

Appellee's allegations of fact did not establish venue as to appellant corporation under any of the four (4) foregoing provisions.

Holding that the issue is properly before us, our attention turns to *Pa.R.C.P.* 1006, wherein Section (a) mandates that actions against individuals "may be brought in and only in a county in which he may be served *or in which the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose or in any other county authorized by law*" [Emphasis added]; Section (b) refers among other things to Rule 2179 for venue as to corporations;[3] and Section (c)

---

2. "Appellate Court Jurisdiction", Act of 1970, July 31, P.L. 673, No. 223, Art. *III*, 17 P.S. §211.301.

3. See quotation of *Pa.R.C.P.* 2179, *supra*.

provides: "an action to enforce a joint or joint and several liability against two or more defendants ... may be brought against all defendants in any county in which the venue may be laid against any one of the defendants under the general rules of Subdivisions (a) or (b)." The italicized part of Section (a) above, as well as Section (c), were added to Rule 1006 in 1967 to broaden venue provisions to include "cause of action" or "transaction or occurrence" counties, as well as to increase the scope of allowable venue in cases where there is a claim of joint or joint and several liability to include any county in which venue is properly laid as to one of the joint or joint and several parties under either the provisions of (a) or (b) of Rule 1006. "Where venue is proper as to one defendant and improper as to another, the supervisory power of the Supreme Court exercised under King's Bench permits the court to order all the actions to be tried in one county." Goodrich-Amram, *Standard Pennsylvania Practice*, "Commentary to 1967 Amendments" re: Rule 1006, p. 123. The salutary purpose of this broadened court rule is to prevent the unnecessary splitting of causes of action because venue might otherwise be unobtainable in the county of a co-defendant.

The instant cause of action was commenced against the individual co-defendant in Lawrence County. While this individual is not an appellant, the record reflects no preliminary objections filed by him; he has posed no objection to venue and we must assume that as to him venue is proper. The appellee-plaintiff claims that the appellant and its co-defendant Clyde M. Bartley are jointly or jointly and severally liable. Venue being proper as to Mr. Bartley it is also proper as to his co-defendant, the appellant.

We hold that Lawrence County is a proper venue as to appellant.

Order affirmed.

HOFFMAN and PRICE, JJ., concur in the result.