414 A.2d 654

**Walter SCHACHTEL, Robert B. Einhorn and Kiefer N. Gerstley, Individually and t/a Schachtel, Einhorn and Gerstley, Appellants,**

**v.**

**R. Jere BLOCHE.**

Superior Court of Pennsylvania.

Argued March 22, 1979.

Filed Nov. 16, 1979.

Reargument Denied Feb. 21, 1980.

Michael J. Clement, Norristown, for appellants.

Charles K. Plotnick, King of Prussia, submitted a brief on behalf of appellee.

Before CERCONE, President Judge, and WATKINS and HOFFMAN, JJ.

CERCONE, President Judge:

■ The Judicial Code, 42 Pa.C.A. § 742 (effective June 27, 1978) provides, as did its predecessor,[1] in relevant part, "[t]he Superior Court shall have exclusive appellate jurisdiction of all appeals from final orders of the courts of common pleas . . . ." The question presented is whether a lower court order pursuant to Rule 1006(d) of the Pennsylvania Rules of Civil Procedure,[2] transferring an equity action from one county courthouse in the Commonwealth to anoth-

1. Section 742 is essentially a recodification of the Appellate Court Jurisdiction Act, 17 P.S. § 211.302 which provided:

   The Superior Court shall have exclusive appellate jurisdiction of all appeals from final orders of the courts of common pleas, regardless of the nature of the controversy or the amount involved, except such classes of appeals as are by any section of this act within the exclusive jurisdiction of the Supreme Court or the Commonwealth Court.

2. Rule 1006(d) provides in pertinent part: "For the convenience of parties and witnesses the court upon petition of any party may transfer an action to the appropriate court of any other county where the action could originally have been brought."

er county court of equal competence, is a "final order" within the meaning of Section 742, and thus immediately appealable. For the reasons which follow, we hold that where—as in the present case—both the transferor court and the transferee court, are of equal competence [3] to entertain an equity action, the order effecting this statutory transfer of venue is discretionary in character and not final for purposes of appellate review; accordingly, we quash the appeal.[4]

In September of 1974, appellants formed a partnership in the practice of law with appellee, R. Jere Bloche. During the existence of this understanding, appellee allegedly provided legal services to the Estate of James Corse and its executors, James L. Corse, Jr. and Edward M. Corse. Subsequently, on March 31, 1976, appellee orally agreed to withdraw from the partnership and on April 6, 1976, a writing was executed which set forth a partial settlement of the affairs of the now non-existent partnership.

Apparently, this initial settlement failed to satisfactorily resolve the representation by the partnership of both the Corse Estate and the individual executors. On November 1,

**3.** The appellant in its brief suggest that venue may not lie in the transferee county; however, on the present state of the record, this Court can do no more than speculate on the merits of appellant's "arguable" contentions. Accordingly, we can perceive no jurisprudential justification for accepting appellant's invitation to decide an issue which is neither properly presented *i. e.,* this contention is appended to appellant's argument that the court abused its discretion *not its power,* nor ripe for review at the present time. Thus, we need not and do not express any opinion on whether our conclusion on appealability of a transfer order would be different where the record on appeal *conclusively establishes* that the transferror court transferred an action to a court where the action might not have been originally brought. *Cf.* Pa.R.Civ.P. 1006(d) and Pa.R.App.P. 311(c), comment (amended November 30, 1978). *See generally,* Kaufman, *Further Observations on Transfers Under Section 1404(a),* 56 Colum. L.Rev. 1, 182 n. 4, 5 (1956) (federal practice); Kitch, *Section 1404(a) of the Judicial Code: In the Interests of Justice or Injustice,* 40 Ind. L. J. 99, 110–131 (1965) (federal practice).

**4.** In view of this disposition we do not reach the merits of appellant's second contention that the lower court abused its discretion in ordering a transfer. *See Plum v. Tampax, Inc.,* 402 Pa. 616, 618, 168 A.2d 315, 316 (1961).

1976, in Montgomery County, appellants commenced this equity action. It sought to resolve the respective rights of the former partners to a legal fee which has accrued, or will accrue, from services provided to the above clients. Specifically, appellants prayed that Attorney Bloche be ordered to: produce for inspection and copying the entire file on the Corse Estate, make available any records of billing costs or costs advanced to the above clients, and; account for and transfer to appellants three-fourths of any fees earned during the existence of the partnership which had been paid or are to be paid by the above clients.

The troubles of the partners were increased when in October of 1977, in Delaware County, the executors of the Corse Estate, in their own right, filed a lawsuit against appellants. This action, which sounds in Assumpsit and Trespass, generally alleged that appellants engaged in certain unethical practices and maliciously interfered with the relationship between the executors and Attorney Bloche. Attorney Bloche was neither originally named a party defendant to this proceeding, nor did he actively participate in it on behalf of the executors.

In the original action commenced by appellants in Montgomery County, which is the subject matter of the present appeal, appellee filed preliminary objections raising numerous legal issues. In this posture, however, the lower court *en banc* found it necessary to rule on only one issue: Whether in accordance with Rule 1006(d) appellee was entitled to a statutory transfer of venue from Montgomery to Delaware County. The court concluded transfer was proper and this appeal, questioning only the soundness of the lower court's exercise of its discretion to transfer, ensued.

a.

At the threshold of this appeal we are confronted with the question whether a lower court's discretionary order granting a statutory transfer of venue is appealable. Appellants, relying exclusively upon their *novel* interpretation of *Norman v. Norfolk & Western Ry. Co.*, 228 Pa.Super. 319, 323 A.2d 850 (1974), maintain such an order is immediately

appealable. Appellee, however, reasons that the rule of *Norman* is not applicable. In support of its contention, appellee argues the order appealed from in *Norman* concerned a lower court application of the common law doctrine of forum non conveniens, and not a discretionary application of the statutory transfer rule embodied in Rule 1006(d).

b.

■ We approach the merits of these competing contentions with two basic rules in mind: (1) The appellate jurisdiction of this court, where other grounds of statutory jurisdiction are absent, is limited to appeals from final orders of lower tribunals [5] and; (2) in the absence of certification [6] or other statutory authority providing for an immediate appeal, "[o]rders made on preliminary objections are interlocutory, and ordinarily not appealable." *Ro-Med Constr. Co. v. Clyde M. Bailey Bldg. Co.*, 239 Pa.Super. 311, 313, 361 A.2d 808, 809 (1976). *E. g., Wilcox v. Evans*, 190 Pa.Super. 166, 168, 153 A.2d 817, 818 (1959); *see generally*, Montgomery, *Interlocutory Appeals in Pennsylvania*, 41 Pa. B.A.Q. 398 (1970). Pennsylvania law, therefore, evidences a firm policy against piecemeal review because of its crippling effect upon the effective and fair administration of justice.

In *Norman v. Norfolk & Western Ry. Co.*, 228 Pa.Super. 319, 323 A.2d 850 (1974), the defendant-appellant appealed from the lower court's refusal to grant preliminary objections raising a question of venue. The appellant, relying upon the common law doctrine of forum non conveniens, had requested that the proceedings in Pennsylvania be *dismissed* in order that suit could be brought either in West Virginia or Kentucky. Our court initially determined Rule 1006(d) *was not applicable* as the Rule does not give Pennsylvania courts the power to transfer cases to other states. *Id.*, 228

---

**5.** Judicial Code, 42 Pa.C.S. § 742 (effective June 27, 1978); *McConnell v. Schmidt*, 234 Pa.Super. 400, 402–03, 339 A.2d 578, 581 (1975) (per curiam); *Lewandowski v. General Telephone Co.*, 223 Pa.Super. 476, 302 A.2d 478 (1973).

**6.** *See* Judicial Code, 42 Pa.C.S. § 702(b) (effective June 27, 1978); *see generally, Tarasi v. Settino*, 223 Pa.Super. 158, 160, 298 A.2d 903, 904 (1972) (per curiam).

Pa.Super. at 321 n. 2, 323 A.2d at 851 n. 2. Before we reached the merits of appellant's arguments, in *Norman, supra,* however, we noted that jurisdiction was present because:

"[O]rders involving the application of the doctrine of forum non conveniens are considered final in nature. *Caplan v. Keystone Weaving Mills, Inc.,* 431 Pa. 407, 410, 246 A.2d 384, 386 (1968). This being so, the present appeal to our court is authorized by the Act of July 31, 1970. P.L. 673, No. 223 Article III, § 302, 17 P.S. § 211.302. Further, we have jurisdiction over matters of venue since they are treated as jurisdictional in nature: *Gaetano v. Sharon Harold Co.,* 426 Pa. 179, 231 A.2d 753 (1967); and by virtue of the Act of March 5, 1925, P.L. 23, § 1, 12 P.S. § 672. In addition, the lower court certified this matter to us in accordance with provisions of the Appellate Court Jurisdiction Act of 1970, July 31, 1970. P.L. 673, No. 223, Article V, § 501, 17 P.S. § 211.501.

*Id.,* 228 Pa.Super. at 322 n. 3, 323 A.2d at 851 n. 3.

As appellant presently challenges only the lower court's decision to transfer this equity action to a court of equal competence in Delaware County, the jurisdictional issue presented narrows to this—does a discretionary order granting a statutory change of venue, and not mandating dismissal, fall within any of the jurisdictional bases present in *Norman.*

The initial rule relied upon in *Norman, i. e.,* that orders dismissing a litigant's preliminary objections predicated upon common law forum non conveniens are final and appealable, is not applicable to the present appeal.[7] For purposes of determining "finality," there is a clear distinction between Rule 1006(d) transfer and the common law doctrine of forum non conveniens. Thus, while 1006(d) basically derives from the common law doctrine, it provides for transfer of a cause from one appropriate county to another, where as application of the common law doctrine

7. *Compare Daugherty v. Inland Togs,* 240 Pa.Super. 527, 529, 359 A.2d 465, 466 (1976).

dictates that only one result is permissible—*dismissal.* Viewed in this light, the practical effect of a transfer order, as in this case, is not to put appellants out of court, but rather to continue to guarantee that their cause will still be tried in a courtroom in Pennsylvania; therefore, for purposes of ascertaining finality, the rationale for holding orders involving common law forum non conveniens final and appealable does not support a judgment that a statutory transfer order should be immediately appealable. *Cf. Caplan,* 431 Pa. at 410, 246 A.2d at 386.

The second rule relied upon in *Norman, supra,* is also not applicable. That rule originated in *Gaetano v. Sharon Herald,* 426 Pa. 179, 231 A.2d 753 (1967). *Sharon* involved an appeal of a lower court order denying defendant's preliminary objections as to the *propriety of venue.* Specifically, it was contended that venue was not proper in the county where the suit was filed, and thus, the suit was being maintained in a court not statutorily empowered to entertain it. Our Supreme Court held that jurisdiction over the appeal was present in that preliminary objections raising questions of improper venue are "[f]or procedural purposes . . . treated as raising a question of jurisdiction."[8] *Id.,* 426 Pa. at 181 n. 1, 231 A.2d at 755 n. 1. *E. g., Estate of Smith,* 442 Pa. 249, 253–4, 275 A.2d 323, 325 (1971) (venue determination is appealable if propriety of venue is challenged, but mere refusal to transfer venue *is not jurisdic-*

8.  The court later explained the rationale of its holding by observing: There is a distinct and important difference between 'jurisdiction' and 'venue.' *County Construction Company v. Livengood Construction Corp.,* 393 Pa. 39, 142 A.2d 9 (1958). For procedural purposes, however, objections to venue have been treated by this Court as raising a question of jurisdiction, and we have reviewed under the Act of March 5, 1925, supra, an order of a lower court ruling on the propriety of venue. *County Construction Company v. Livengood Construction Corp.,* supra; *Gaetano v. Sharon Herald Co.,* 426 Pa. 179, 231 A.2d 753 (1967). But these cases all involved an order ruling upon the propriety of the venue chosen by the plaintiff. In other words, in such instances we recognize no difference procedurally between a claim that the action was instituted before the wrong tribunal and a claim that the action was brought before a court lacking competence to entertain it.
*Caplan,* 431 Pa. at 409–10, 246 A.2d at 386.

*tional* and, therefore, not appealable); *Ro-Med Constr. Co. v. Clyde M. Bailey Bldg. Co.*, 239 Pa.Super. 311, 313, 361 A.2d 808, 809 (1976); *Bloom v. Bloom*, 238 Pa.Super. 246, 250 n. 3, 362 A.2d 1024, 1026 n. 3 (1976) (lower court denials of preliminary objections challenging improper venue or jurisdictional matters are appealable). In the instant appeal, appellants did not, nor could they successfully, assert that venue *was improper* where the suit was originally filed, nor do they seriously argue that Delaware County is not a county "where the action could originally have been brought." *See* Pa.R.Civ.P. 1006(d).[9]

Accordingly, since nothing in *Norman, supra,* mandates the immediate appealability of an order of transfer where the only ground upon which it is attacked is that the lower court abused its discretion, and no other statutory grounds which support jurisdiction are advanced by appellants, we hold that this order transferring venue pursuant to Rule 1006(d) is interlocutory, and not final for purposes of 42 Pa.C.S. § 742 (effective June 27, 1978). *Cf. Caplan*, 431 Pa. at 410, 246 A.2d at 386; *Anderson v. Uva*, 230 Pa.Super. 533, 536, 326 A.2d 430, 431–32 (1974) (grant or denial of petitions to transfer are interlocutory and not appealable as *jurisdictional questions* under 12 P.S. § 672 (1925)); *see, Ventura v. Skylark Motel, Inc.,* 431 Pa. 459, 463, 246 A.2d 353, 355 (1968); *McConnell v. Schmidt*, 234 Pa.Super. 400, 403, 339 A.2d 578, 581 (1975). *See also*, 1 Goodrich Amram 2d., *Standard Pennsylvania Practice*, § 1006(d), 458–59 (2d ed. 1976); *see generally, ABA Standards on Appellant Courts*, § 3.12, Comment (1977).[10] To conclude, it would indeed be

---

**9.** Also, the third rule relied upon in *Norman, supra*, is clearly not applicable. In the present appeal, the lower court did not certify its order of transfer to this Court as involving a controlling question of law under the Judicial Code, 42 Pa.C.S. § 702 and 1722 (effective June 27, 1978). *Compare, Tarasi v. Settino*, 223 Pa.Super. 158, 160, 298 A.2d 903, 904 (1972) (per curiam).

**10.** The above conclusion has uniformly been reached by all federal courts which have passed upon the question whether a transfer order under 28 U.S.C. § 1404(a) (1966) is a final order for purposes of applying 28 U.S.C. § 1291 (1966) (granting jurisdiction to circuit courts in "all final decisions" of district courts). *Codex Corp. v.*

anomalous to hold otherwise. A contrary result would cripple the procedural innovations intended by Rule 1006(d) by subjecting the litigants to two suits. The first suit would concern itself only with where the actions should be instituted, while the second would finally focus on the merits of the litigation. *See, All States Freight, Inc. v. Modarelli,* 196 F.2d 1010, 1011–12 (3d Cir. 1952).

Appeal quashed.

*Milgo Elec. Corp.,* 553 F.2d 735, 737 (1st Cir. 1977); *Young Properties Corp. v. U. S. Equity Corp.,* 534 F.2d 847, 852 (9th Cir. 1976); *Ellicott Mach. Corp. v. Modern Welding Co.,* 502 F.2d 178, 180 n. 4 (4th Cir. 1974); *Wilkins v. Erickson,* 484 F.2d 969, 971 (8th Cir. 1973); *Stelly v. Employers Nat'l Ins. Co.,* 431 F.2d 1251, 1253 (5th Cir. 1970); *Ackert v. Pelt Bryan,* 299 F.2d 65, 67 (2nd Cir. 1962); *Chicago, R.I. & Pac. R.R. v. Igoe,* 212 F.2d 378, 381 (7th Cir. 1954); *Paramount Pictures Inc. v. Rodney,* 186 F.2d 111, 116 (3rd Cir. 1951), *cert. den.,* 340 U.S. 953, 71 S.Ct. 572, 95 L.Ed. 687 (1951); *Nicol v. Koscinski,* 188 F.2d 537 (6th Cir. 1951).