Philadelphia, Appellant, *v.* Chase and Walker Corporation.

Argued January 4, 1968. Before MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Frank J. Pfizenmayer*, Assistant City Solicitor, with him *Matthew W. Bullock, Jr.*, Second Deputy City Solicitor, and *Edward G. Bauer, Jr.*, City Solicitor, for City of Philadelphia, appellant.

*Joseph P. Breslin*, for appellees.

OPINION BY MR. JUSTICE O'BRIEN, March 15, 1968:

This is an appeal from the order of the County Court of Philadelphia permitting appeals to be taken from 54 magistrates' judgments in municipal-code violation proceedings.

In the course of its duties under the Philadelphia Home Rule Charter with respect to enforcing the Philadelphia housing, fire, building and license codes, the Law Department of the City commenced suits for penalties against the various Appellees (the entities other than Samuel Elgart being controlled by him), in various magistrates' courts of the City of Philadelphia. In the period from July 1966 to February 1967, 54 separate violations of the Philadelphia housing, fire, build-

ing and license codes were adjudicated and fines imposed in an aggregate sum of $2,545.21. Six of these 54 magistrates' judgments were recorded as liens in the County Court of Philadelphia, the last being filed on January 25, 1967.

On May 24, 1967, appel'ees filed in the County Court of Philadelphia a "petition for leave to file appeal from judgments of magistrates nunc pro tunc." This petition was filed using the caption of one of the judgments entered in that court [December Term 1966, No. 10805-E]. To this petition appellees attached a three-page exhibit listing the 54 magistrates' judgments in which appellees had been fined for violating Philadelphia Code provisions and purported to apply his petition to all 54 cases. Appellees made the blanket averment with respect to all the cases that they were not "served with process initiating the action before a magistrate and had no knowledge of the pendency of the action", and accordingly requested the County Court to permit appeals in all 54 cases.

On June 19, 1967, the City of Philadelphia filed preliminary objections to appellees' petition on the grounds that the County Court lacked jurisdiction to grant appeals from magistrates' judgments involving code-enforcement proceedings since the applicable Pennsylvania statutes conferred exclusive jurisdiction of such action on the Court of Common Pleas of Philadelphia.

On July 13, 1967, the County Court of Philadelphia dismissed the City's preliminary objections and granted appellees' petition for leave to file appeals from all 54 magistrates' judgments. The Court in its opinion filed September 11, 1967, found that it rather than the Court of Common Pleas of Philadelphia had the right to grant appeals from magistrates' judgments. This appeal followed.

Although it was not discussed in the briefs, an important question was raised at oral argument as to whether this case was properly before the Supreme Court. In its statement of jurisdiction, appellant cites the Act of March 5, 1925, P. L. 23, §1, 12 P.S. §672 et seq. and the Act of May 22, 1722, 1 Sm. L. 131, 140, Section XIII, *Bell Appeal,* 396 Pa. 592, 152 A. 2d 731 (1959). The Act of 1722 was referred to in *Bell Appeal,* supra, at page 597: "Where appellate review of the action of a court of first instance or of an administrative tribunal is not provided for by statute or is expressly so denied, no right of appeal exists. But, even in such instance, appellate review of the proceedings below for certain purposes is obtainable in this court through an exercise of our King's Bench powers under the Act of May 22, 1722, 1 Sm. L. 131, 140, Section XIII." Again, in *Bell Appeal,* supra, at page 608, we repeated: "To summarize: Where a right of appeal from the action of a lower court is not authorized by statute, or is expressly denied, or the statute provides that the action of the court below shall be final, appellate review of the proceeding can be had only on a writ of *certiorari.* Authority to issue such a writ is reposed in the Supreme Court by the Act of May 22, 1722, which conferred upon it the powers of the Court of King's Bench."

*Bell Appeal* held not only that the King's Bench power of *certiorari* reposed in the Supreme Court, but also that the Superior Court did not have that power, the language of the Act of March 2, 1923 notwithstanding. That Act provides: "From and after the passage of this act, appeals from any order, judgment, or sentence of the County Court of Allegheny County, or the Municipal Court of Philadelphia, or of any similar court hereafter created, not provided by law to be taken to the court of common pleas or court of quar-

ter sessions of the peace of the particular county, shall be taken to and heard by the Superior Court, and shall not be appealable to the Supreme Court, except upon allowance as in the case of other orders, judgments, and sentences of the Superior Court." *Bell Appeal,* at p. 606, interpreted this Act: "The Act of March 2, 1923, P. L. 3, 17 P.S. §187, which conferred on the Superior Court jurisdiction of appeals from orders, judgments, or sentences of the County Court of Allegheny County or the Municipal Court of Philadelphia, did no more than designate the appropriate forum for such appeals. It did not confer the King's Bench power of common law *certiorari* on the Superior Court. That court continues, therefore, to be without authority to review proceedings in the County Court of Allegheny County or the Municipal Court of Philadelphia on *certiorari* where no appeal is authorized by statute."

The procedure dictated by *Bell Appeal* has been drastically changed by statute and rule. The rule is Supreme Court Rule 68½. That Rule, promulgated in 1964, provides: "Where the subject matter does not fall within the statutory jurisdiction of the Superior Court, an appeal to the Supreme Court in the nature of a certiorari from a judgment order or decree will lie only if specially allowed by the Court or by a Judge thereof, where a statute expressly provides that there shall be no appeal from the decision or order or judgment or decree of a Court, or that the decision or order or judgment or decree of a Court shall be final or conclusive, or shall not be subject to review, or where the relevant statute is silent on the question of appellate review.

"In all such cases, the appellant shall file within 30 days from the date of the decision or order or judgment or decree sought to be reviewed a petition. . . ."

Thus, in view of the silence as to appeal of the relevant statute,[1] this case could be heard in the Supreme Court only on petition under Rule 68½ even if it were not within the statutory authority of the Superior Court. Nor does the Act of March 5, 1925, P. L. 23, §1, 12 P.S. §672, relied on by appellant, counsel otherwise. That section states: "Wherever in any proceeding at law or in equity the question of jurisdiction over the defendant or of the cause of action for which suit is brought is raised in the first instance, it shall be preliminarily determined by the court upon the pleadings or with depositions, as the case may require; and the decision may be appealed to the Supreme Court or the Superior Court, as in cases of final judgments."[2] We cannot agree that the Act of 1925 permits all rulings on jurisdiction to be appealed to the Supreme or Superior Court. On the contrary, that Act merely removed the defect of interlocutoriness. The Act provides that "the decision may be appealed . . . as in cases of final judgments." If the final judgment in the case could be heard by this Court only by a petition under Rule 68½, then the decision as to jurisdiction must be heard via the same route.

However, we are of the opinion that this Court could not even hear this case on petition under Rule 68½ because the subject matter now falls within the statutory jurisdiction of the Superior Court. Just as Rule 68½ was promulgated to modify the Supreme Court's *certiorari* power described in *Bell Appeal*, the Act of August 14, 1963, P. L. 819, §1, 17 P.S. §184, was passed to remedy the Superior Court's lack of that *certiorari* power, also described in *Bell Appeal*. It is

---

[1] The Act of April 21, 1949, P. L. 665, §17, 53 P.S. §13131, authorizing ordinances under the Philadelphia Home Rule Charter.

[2] This section has been suspended except insofar as it relates to appeals by Pa. R. C. P. 1451 and 1550.

there provided: "The Superior Court . . . shall have exclusive and final appellate jurisdiction of all appeals by or in the nature of appeal, certiorari or writ of error in the following classes of cases: . . . (c) All actions and proceedings at law in the courts of common pleas and in the County Courts of Allegheny County and Philadelphia County and all similar courts, whether originating therein or reaching that court by appeal or certiorari from some other court or tribunal, if the subject of the controversy be either money, chattels, real or personal, or the possession of or title to real property, and if also the amount or value thereof be not greater than ten thousand dollars, exclusive of costs." The introductory language of this section clearly indicates that the Superior Court now has jurisdiction in the nature of *certiorari* under the Act. The Superior Court has had occasion to interpret the language of the Act of 1963 in *Philadelphia v. Dortort,* 205 Pa. Superior Ct. 211, 208 A. 2d 797 (1965). That was an appeal from an order of a common pleas court dismissing exceptions to a magistrate's return brought before the common pleas court on *certiorari.* The City of Philadelphia moved to dismiss the appeal for the reasons that the Act of March 20, 1810, P. L. 208, 5 Sm. L. 161, §22, 42 P.S. §957, declares that the judgment of the Court of Common Pleas is final and unappealable in such cases, and *Bell Appeal* held that the Superior Court has no right of review by *certiorari.* The Superior Court answered as follows: "We are of the opinion that such right was subsequently given to this Court by the Act of August 14, 1963, P. L. 819, §1, 17 P.S. §184-184.1 (pp.), which we think was passed to overcome the effect of Bell Appeal. Therefore, the motion to dismiss will be denied."

Since this case is within the statutory jurisdiction of the Superior Court, it is hereby remitted to that court.

Mr. Justice ROBERTS concurs in the result.

Mr. Chief Justice BELL took no part in the consideration or decision of this case.