Philadelphia, Appellant, *v.* Chase and Walker Corporation.

Argued June 13, 1968. Before WRIGHT, P. J., WAT-KINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ. (HANNUM, J., absent).

*Frank J. Pfizenmayer,* Assistant City Solicitor, with him *Matthew W. Bullock, Jr.,* Second Deputy City Solicitor, *Levy Anderson,* First Deputy City Solicitor, and *Edward G. Bauer, Jr.,* City Solicitor, for appellant.

*Joseph P. Breslin,* for appellee.

OPINION BY WRIGHT, P. J., September 12, 1968:

We are here concerned with an appeal by the City of Philadelphia from an order of the County Court of Philadelphia permitting nunc pro tunc appeals to be taken from fifty-four magistrates' judgments in municipal-code violation proceedings. The appeal from the order below was originally taken to the Supreme Court of Pennsylvania, and was by that tribunal remitted to this court on the ground that the case was within our statutory jurisdiction. See *Phila. v. Chase and Walker Corp.,* 429 Pa. 161, 240 A. 2d 65. The pertinent background appears in the following excerpt from the opinion of Mr. Justice O'BRIEN:

"In the course of its duties under the Philadelphia Home Rule Charter with respect to enforcing the Philadelphia housing, fire, building and license codes, the

Law Department of the City commenced suits for penalties against the various Appellees (the entities other than Samuel Elgart being controlled by him), in various magistrates' courts of the City of Philadelphia. In the period from July 1966 to February 1967, 54 separate violations of the Philadelphia housing, fire, building and license codes were adjudicated and fines imposed in an aggregate sum of $2,545.21. Six of these 54 magistrates' judgments were recorded as liens in the County Court of Philadelphia, the last being filed on January 25, 1967.

"On May 24, 1967, appellees filed in the County Court of Philadelphia a 'petition for leave to file appeal from judgments of magistrates nunc pro tunc.' This petition was filed using the caption of one of the judgments entered in that court [December Term 1966, No. 10805E]. To this petition appellees attached a three-page exhibit listing the 54 magistrates' judgments in which appellees had been fined for violating Philadelphia Code provisions and purported to apply his petition to all 54 cases. Appellees made the blanket averment with respect to all the cases that they were not 'served with process initiating the action before a magistrate and had no knowledge of the pendency of the action', and accordingly requested the County Court to permit appeals in all 54 cases.

"On June 19, 1967, the City of Philadelphia filed preliminary objections to appellees' petition on the grounds that the County Court lacked jurisdiction to grant appeals from magistrates' judgments involving code-enforcement proceedings since the applicable Pennsylvania statutes conferred exclusive jurisdiction of such action on the Court of Common Pleas of Philadelphia.

"On July 13, 1967, the County Court of Philadelphia dismissed the City's preliminary objections and

granted appellees' petition for leave to file appeals from all 54 magistrates' judgments. The Court in its opinion filed September 11, 1967, found that it rather than the Court of Common Pleas of Philadelphia had the right to grant appeals from magistrates' judgments. This appeal followed".

It is now contended by the City that, since the petition to appeal nunc pro tunc to the County Court of Philadelphia was filed in only one case, this one petition cannot be held to permit appeals from fifty-four judgments. As stated in the Supreme Court opinion, there was attached to the petition for leave to appeal an exhibit listing the fifty-four judgments to all of which the petition purported to apply. The alleged procedural impropriety was not raised in the court below. The factual averments contained in the petition were not denied, and the preliminary objections filed by the City attacked only the jurisdiction of the County Court. We will therefore proceed to a consideration of the principal question raised by the City on this appeal, namely, that jurisdiction to entertain appeals from judgments of Philadelphia magistrates in municipal-code enforcement proceedings lies in the Court of Common Pleas and not in the County Court.

We commence with the well established proposition that an action for violation of a municipal ordinance is civil in nature and that, in counties having no separate county court, an appeal from a determination of guilt and a judgment imposing a penalty thereunder will lie only to the court of common pleas as distinguished from the court of quarter sessions: *Waynesburg Borough v. Van Scyoc,* 419 Pa. 104, 213 A. 2d 216; *Commonwealth v. Ashenfelder,* 413 Pa. 517, 198 A. 2d 514. As stated by Judge WOODSIDE in *York v. Baynes,* 188 Pa. Superior Ct. 581, 149 A. 2d 681: "It

is our opinion, that an action brought against a defendant for the violation of a municipal ordinance is a suit for the recovery of a penalty due the municipality and is a civil proceeding. It is not a summary proceeding, which is a criminal proceeding, even though it may be started by a warrant. A judgment entered against a defendant for the violation of a municipal ordinance is for a penalty, even though it may be referred to by the legislature and the magistrate as a 'fine' ".

The City first cites Section 1 of the Act of April 17, 1876, P. L. 29, as amended, 19 P.S. 1189, which reads as follows: "In all cases of summary conviction in this Commonwealth, before a magistrate or court not of record, either party, even though any fine imposed has already been paid, may, within ten days[1] after such conviction, appeal to the court of quarter sessions of the county in which such magistrate shall reside or court not of record shall be held, upon allowance of the said court of quarter sessions, or any judge thereof, upon cause shown; and either party may also appeal from the judgment of a magistrate or a court not of record, in a suit for a penalty, to the court of common pleas of the county in which said judgment shall be rendered, upon allowance of said court, or any judge thereof, upon cause shown". This statute sets forth the distinction between appeals from magistrates in cases involving penalties and civil suits, which are ordinarily appealable to the court of common pleas, and summary convictions where jurisdiction on appeal is in the court of quarter sessions.

It is our view that the 1876 statute does not control the situation in Philadelphia County, wherein the Act of July 12, 1913, P. L. 711, established the Munici-

---

[1] Increased from five days by the amendment of June 3, 1953, P. L. 272.

pal Court. This tribunal is now the County Court of Philadelphia. Act of July 17, 1961, P. L. 781, 17 P.S. 705. As originally constituted, the Municipal Court had no appellate jurisdiction in civil matters. This power was first conferred by amendments in 1923 so that Section 10 of the Act thereafter read as follows: "All proceedings in civil cases before magistrates, that are sought to be reviewed by appeal, shall hereafter be taken only to the municipal court . . . instead of to the court of common pleas as heretofore practiced". This provision is still a part of the statute, as last amended by the Act of June 6, 1957, P. L. 274, 17 P.S. 693.

The city also relies on Section 20 of the Magistrates' Courts Act of May 10, 1927, P. L. 866, 42 P.S. 1060, which provides as follows: "In all cases of summary conviction before said magistrates, either party may appeal to the court of quarter sessions of said county, upon the allowance of any judge thereof, upon cause shown; and either party may also appeal from the judgment of said magistrates in a suit for a penalty to the courts of common pleas of said county, upon the allowance of any of the judges thereof upon cause shown". However, six years later the legislature saw fit to speak again on the subject.

Section 1 of the Act of May 18, 1933, P. L. 809, 17 P.S. 702, contained the following direction: "Proceedings in civil cases before magistrates that are sought to be reviewed by appeal, by certiorari, by petitions for appeal nunc pro tunc, by petition for mandamus, or otherwise, to magistrates directing the allowance of appeals, may be brought or instituted in the Municipal Court of Philadelphia". The second section of this statute (17 P.S. 703) makes provision for the filing of transcripts of judgments entered in civil suits by magistrates "only in the Municipal Court of Philadelphia,

and not in the common pleas court". It is significant that the City did file transcripts of six of the judgments in the County Court, notwithstanding its present contention that jurisdiction on appeal should be in the Court of Common Pleas.

Since the precise question before us has never been the subject of appellate ruling, no useful purpose would be served by attempting to analyze the cases cited in the briefs. Section 66 of the Statutory Construction Act of May 28, 1937, P. L. 1019, 46 P.S. 566, reads as follows: "Whenever the provisions of two or more laws passed at different sessions of the Legislature are irreconcilable, the law latest in date of final enactment shall prevail". We are of the opinion that this language solves the difficulty. The Act of 1933 and the 1957 amendment of the Municipal Court Act must prevail over Section 20 of the Magistrates' Courts Act of 1927. Although the City asserts that a monetary sum is not at issue, imposition of the penalty made certain the amount in controversy. As noted in the Supreme Court opinion, the fines imposed were in an aggregate sum of $2,545.21.

In brief, and in order to reach a reasonable result in accordance with our view of the legislative intent, we agree with Judge SCHWARTZ of the court below that the only proper interpretation of the statutory provisions to which reference has been made places jurisdiction of the instant matter in the County Court.

Order affirmed.