Colvin *v.* Somat Corporation, Appellant.

Submitted March 28, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*James E. McErlane,* and *Lamb, Windle & McErlane,* for appellant.

*Robert S. Gawthrop, Jr.,* and *Gawthrop & Greenwood,* for appellee.

OPINION BY PRICE, J., September 23, 1974:

This is an appeal from the dismissal of appellant's preliminary objections and demurrer to the appellee's complaint in assumpsit. The preliminary objections raised questions of jurisdiction and venue. The record before this court consists of the complaint, preliminary objections, and opinion and order of the lower court.

The appellee, G. Fred Colvin, a former president and member of the Board of Directors of the appellant, Somat Corporation, is a resident of Wisconsin. The appellant corporation is a Delaware corporation engaged in the manufacture of waste handling systems with its principal place of business in Chester County, Pennsylvania.

On or about June 25, 1970, the Chairman of the Board of Directors of Somat presented appellee with a letter requesting his resignation and offering severance pay. Appellee signed the letter and received a

portion of the severance money. Mr. Colvin asserts that he has never received full payment.

In addition, Mr. Colvin contends that the appellant has refused to permit appellee to exercise certain stock options which he entered into during his employment with Somat. By reason of this alleged refusal, Mr. Colvin has sustained a loss, for which he claims damages in this suit.

Somat Corporation filed preliminary objections raising questions of jurisdiction and venue, and a demurrer to the complaint, alleging that appellee failed to state a cause of action.

Generally, an interlocutory order is not appealable, unless made otherwise by statute. *Ventura v. Skylark Motel, Inc.,* 431 Pa. 459, 246 A. 2d 353 (1968). However, appeals from the dismissal of preliminary objections which raise questions of jurisdiction and venue are appealable orders. Pennsylvania Rules of Civil Procedure §1017(b)(1) and §1451(b)(7). This court may hear such appeals pursuant to the authority conferred by the Appellate Court Jurisdiction Act, Act of July 31, 1970, P. L. 673, No. 223, Art. III, §302, 17 P.S. §211.302. Our inquiry is limited to whether the court below has jurisdiction of the action. *Philadelphia v. Chase and Walker Corp.,* 429 Pa. 161, 240 A. 2d 65 (1968) ; *Witney v. Lebanon City,* 369 Pa. 308, 85 A. 2d 106 (1952).

## I

The first issue to be resolved is whether the appellant has raised a jurisdictional question under Rule 1017 (b)(1). The test for determining whether a court has jurisdiction of the subject matter is whether the court is competent to determine controversies of the general class to which the case presented belongs. In such an instance, the controlling question is whether the court

had power to enter upon the inquiry, and not whether it might ultimately decide that it was unable to grant the relief sought in the particular case. That is, we must decide whether the appellee-plaintiff has the right to have his cause of action heard and determined. *Kaelin v. University of Pittsburgh,* 421 Pa. 220, 218 A. 2d 798 (1966) ; *Studio Theaters, Inc. v. Washington,* 418 Pa. 73, 209 A. 2d 802 (1965) ; *McWilliams v. McCabe,* 406 Pa. 644, 179 A. 2d 222 (1962).

Somat contends that the Pennsylvania courts do not have the power to entertain this suit because it involves an interference with the internal operation of a foreign corporation. As authority for this contention, appellee cites the Business Corporation Law of Pennsylvania, Act of May 5, 1933, P. L. 364, 15 P.S. §2001 A, which provides: ". . . and nothing in this act contained shall be construed to authorize this Commonwealth to regulate the incorporation or *internal affairs* [management] of such [foreign business] corporation." [Emphasis added]. Traditionally, Pennsylvania courts have refused to exercise jurisdiction over a suit which affects the internal management[1] of a foreign corporation. *Moore v. National Association for the Advancement of Colored People,* 425 Pa. 204, 229 A. 2d 477 (1967) ; *Wettengel v. Robinson,* 288 Pa. 362, 136 A. 673 (1927). However, where the facts of a particular case indicate that the assumption of jurisdiction will

---

[1] In discussing the internal affairs doctrine, our Supreme Court analogized to internal affairs, and defined "internal management" as early as 1897 in *Madden v. Electric Light Co.,* 181 Pa. 617, 622 (1897) : ". . . What constitutes internal management is well defined by STONE, J., in Mining Co. v. Field, 64 Md. 154: 'Where the act complained affects the complainant solely in his capacity as a member of the corporation, whether it be as stockholder, director, president or other officer, and is the act of the corporation, whether acting in stockholders' meeting or through its agents, the board of directors, then such action is the management of the internal affairs of the corporation. . . .' "

not inextricably involve the internal affairs of a foreign corporation, Pennsylvania courts will hear the controversy. *Plum v. Tampax, Inc.*, 399 Pa. 553, 160 A. 2d 549 (1960); *Kahn v. American Cone & Pretzel Co.*, 365 Pa. 161, 74 A. 2d 160 (1950).

The instant case is one which falls within the exception by which Pennsylvania courts assert jurisdiction over a foreign business corporation. The basis of appellee's suit is a breach of contract claim for non-payment of severance money and for failure to transfer stock upon tender of the purchase price. The lower court, therefore, acted properly in dismissing the preliminary objections on the basis of jurisdiction.

## II

The second issue to be determined is whether appellant has raised a valid claim that Chester County is not the proper venue for this action.

Somat asserts as the basis of its claim of improper venue that it is a Delaware corporation, and that the complaint raises issues related to the internal affairs of a foreign corporation which the courts of Pennsylvania are prohibited from regulating. Having already determined that the complaint does not raise a valid objection to the jurisdiction of a Pennsylvania court, we look to Rule 2179 of the Pennsylvania Rules of Civil Procedure to determine whether venue is proper in Chester County. Rule 2179 provides in part:

"(a) ... a personal action against a corporation or similar entity may be brought in and only in

(1) the county where its registered office or principal place of business is located; or

(2) a county where it regularly conducts business."

This Rule must be construed with regard to the Business Corporation Law provisions governing for-

eign corporations doing business in Pennsylvania. *See* Rule 2198 (6) of the Pennsylvania Rules of Civil Procedure. The relevant section of the Act of May 5, 1933, P. L. 364, Art. X, §1011, *as amended*, is found at 15 P.S. §2011 C, which states: "For the purposes of determining jurisdictions of courts within this Commonwealth, the entry of any corporation into this Commonwealth for the doing of a series of similar acts for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object, . . . shall constitute 'doing business.' " The pertinent statute and Rule provide that an action may be brought in a county where the foreign corporation regularly conducts business, or in which it maintains a registered office or principal place of business. The appellee has asserted, and the appellant has not denied, that Somat's principal place of business is in Chester County, and, therefore, venue is proper in the courts of Chester County. *See Botwinick v. Credit Exchange, Inc.*, 419 Pa. 65, 213 A. 2d 349 (1965); *Telafix v. Rosdor Construction Corp.*, 51 D. & C. 2d 456 (1971).

### III

Appellant asserts that its demurrer to appellee's complaint should have been sustained by the lower court in that the complaint failed to state a cause of action upon which relief could be granted. Such an allegation is not a jurisdictional question, *Yentzer v. Taylor Wine Company, Inc.*, 409 Pa. 338, 186 A. 2d 396 (1962); *Guzek v. Empire Wholesale Company*, 396 Pa. 78, 151 A. 2d 470 (1959), and is not properly before this court at the present time. Therefore, we do not reach or pass upon the denial of Appellant's demurrer.

The order of the lower court is affirmed, and the case remanded with a *procedendo*.