384 A.2d 1254

Freida B. GRIER, Appellee,

v.

SCIENTIFIC LIVING, INC., William Bradican, Receiver of Scientific Living, Inc., Cornell Hohensee and Mrs. Cornell Hohensee.

Appeal of Mr. and Mrs. Cornell HOHENSEE.

Superior Court of Pennsylvania.

Submitted March 24, 1977.

Decided April 13, 1978.

Cornell Hohensee, appellant, in propria persona.

Robert P. Browning, Scranton, for appellee, Freida B. Grier.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

JACOBS, President Judge:

Appellants Mr. and Mrs. Cornell Hohensee appeal from an order of the lower court dismissing their preliminary objec-

tions to appellee's complaint. We hold that we do not have jurisdiction to decide this case and quash the appeal.[1]

Appellee filed a two count complaint seeking specific performance and restitution on a written contract for the sale of land located in Lackawanna County. Defendant Scientific Living, Inc. has its principal place of business in Lackawanna County and Defendant William Bradican resides in that county. Appellants Hohensees reside in Virginia and service of process was allegedly effected on them there.

The Hohensees appeared *de bene esse* and filed preliminary objections challenging the jurisdiction of the Lackawanna Court of Common Pleas over the subject matter and over their persons. The court scheduled argument on the preliminary objections for October 5, 1976. Although appellants allege that they mailed a brief in support of their objections to the Court on September 30, 1976, the brief was not entered before the date of argument. On October 5, the Court entered an order which read:

> [T]he *Preliminary Objections* filed by [the Hohensees], *having come on for argument* on the regularly scheduled Argument List of this Court, *and the said Defendants having failed to appear in person or by counsel to prosecute the same,* the said Preliminary Objections shall be and are hereby *dismissed. . . .* [Emphasis added.]

Appellants have brought this appeal alleging jurisdiction pursuant to Pa.R.A.P. 311, Interlocutory Appeals as of Right, Pa.R.C.P. 1451(b)(7), and the Act of 1925, making preliminary determinations concerning questions of subject matter or personal jurisdiction appealable as if they were final decisions.

■ The Act of 1925 provides

Wherever in any proceeding at law or in equity the question of jurisdiction over the defendant or of the cause of action for which suit is brought is raised in the court of

---

1. Even though "no motion to quash was presented, this Court may take such action on its own. [Citations omitted.]" *Village 2 at New Hope, Inc. Appeals,* 429 Pa. 626 at 643, 241 A.2d 81 at 89 (1968).

first instance, it shall be preliminarily determined by the court upon the pleadings or with depositions, as the case may require; and the decision may be appealed to the Supreme Court or the Superior Court, as in cases of final judgments.

The Act of March 5, 1925, P.L. 23, § 1, 12 P.S. 672. The Act makes clear that all *determinations* by a Court that it does or does not have jurisdiction over the subject matter or person of a defendant are appealable. We emphasize, however, that *in this case there has been no determination by the lower court that it has jurisdiction.* The court's only decision was to dismiss the preliminary objections, not because it found jurisdiction to be proper *but because appellants failed to file a brief or appear for oral argument.*

The cases applying the Act of 1925 are not entirely clear. There are a number of cases which state that if preliminary objections raise jurisdictional questions, a dismissal of the objections is appealable. *See,* e. g., *Terrizzi Beverage Company v. Local Union No. 830,* 408 Pa. 380, 184 A.2d 243 (1962); *Colvin v. Somat Corporation,* 230 Pa.Super. 118, 326 A.2d 590 (1974). Other cases have indicated that the *sole question* appealable pursuant to the Act is whether or not the lower court had jurisdiction over the person of the defendant or the subject matter of the action. *See,* e. g., *West Penn Power Company v. Goddard,* 460 Pa. 551, 333 A.2d 909 (1975); *Studio Theaters, Inc. v. Washington,* 418 Pa. 73, 209 A.2d 802 (1965). We have been unable to find any other appellate court case in which the lower court dismissed the preliminary objections on procedural grounds without reaching the merits of the jurisdictional claim.

■ Neither party has raised the issue of whether the lower court erred in dismissing the preliminary objections for the reasons it did. We hold, however, that the dismissal of the objections on nonjurisdictional grounds precludes our consideration of this appeal notwithstanding the fact that the basis of the objections was jurisdictional. "Under the Act of 1925, our inquiry is limited to the question of jurisdiction and the ineffectiveness of the court action for any other

reason is immaterial." *West Penn Power Company v. Goddard,* 460 Pa. at 557, 333 A.2d at 912. In order to take an appeal pursuant to the Act of 1925, the procedures prescribed by the Act must be followed. *Massachusetts Bonding & Insurance Company v. Johnston & Harder, Inc.,* 330 Pa. 336, 340, 199 A. 216, 218 (1938). As we read the Act, the essential procedure includes an appropriate determination from which the appeal can be taken; there is no such determination in this case.

Analogous to the situation here was the one presented in *Village 2 at New Hope, Inc. Appeals,* 429 Pa. 626, 241 A.2d 81 (1968). In *Village 2,* the lower court *deferred* the preliminary determination of jurisdiction pending the finality of other orders entered by the court in a related action; the Supreme Court found that *deferring a decision* on the preliminary objections was *not a determination within the meaning of the Act. Id.,* 429 Pa. at 643, 241 A.2d at 89. Similarly, the dismissal of the objections in the case before us did not amount to a determination appealable under the Act.

In *Marcus v. Diulus,* this Court permitted an appeal under the Act of 1925 even though the lower court did not rule on defendant's preliminary objections challenging the court's jurisdiction. 242 Pa.Super. 151, 363 A.2d 1205 (1976). There, however, a review of the record clearly indicated that the court had considered the preliminary objections; also, the court's determination that plaintiffs' request for declaratory and equitable relief was correct was the equivalent of accepting jurisdiction and overruling appellant's preliminary objection. *Id.,* 242 Pa.Super. at 155, n.3, 363 A.2d at 1207, n.3. Here, a review of the record indicates *only* that appellants failed to file a brief or appear for argument and the court, on that basis, dismissed their preliminary objections; the court made no finding from which we can infer that a jurisdictional determination was made. Therefore, this appeal cannot lie.

Appeal quashed and case remanded in order that appellants may file their answer to plaintiff's complaint.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.