## Boyle v. Boyle

*Charles E. Boyle,* for plaintiff.
*Carl Gainor,* for defendant.

MARKER, *J.,* January 25, 1982 — This matter comes before the court en banc as a result of plaintiff, John F. Boyle, deceased, through his attorneys filing a motion to strike an order of court dated November 12, 1981. A brief history of this matter is warranted. On October 15, 1981, a decree in divorce was entered in the above matter under Section 201(c) of the Pennsylvania Divorce Code. On Octo-

ber 30, 1981, plaintiff, John F. Boyle, died. Letters of Administration were granted by the Register of Wills of Westmoreland County to Charles E. Boyle, Esq., on November 6, 1981 at Number 65-81-1761. On November 12, 1981, defendant, Toni L. Boyle, through her attorney, filed a petition to open and/or vacate the divorce decree of October 15, 1981 at the above captioned number and term. Said petition contained allegations of fraud relative to the manner in which the divorce decree was obtained. Counsel for plaintiff alleges that he received no notice of the presentation of defendant's petition to open and/or vacate the divorce decree aforementioned. On November 12, 1981, this court ordered a hearing on defendant's petition to open and/or vacate a divorce decree, and further ordered that the above petition "shall act as a supersedeas, thereby suspending the operation of the Divorce Decree." On December 8, 1981, plaintiff decedent through his attorneys, motioned the court to strike the above orders citing Section 601 and 605 of the Divorce Code, Act of April 2, 1980, P.L. 63, No. 26.

It is the contention of deceased plaintiff that this court did not have subject matter jurisdiction to entertain defendant's petition to open and/or vacate the divorce decree of October 15, 1981 entered in the above matter. This court agrees with plaintiff's contention. Before a court may determine a legal action, it must possess both subject matter jurisdiction over the person. Slezyneger v. Bischak, 224 Pa. Super. 552, 307 A.2d 405 (1973). The controlling question in determining subject matter jurisdiction is whether the court was empowered to enter upon the inquiry and not whether it might ultimately decide that it was unable to grant the relief sought in the particular case. Colvin v. Somat Corporation,

230 Pa. Super. 118, 326 A.2d 590 (1974); Drummond v. Drummond, 402 Pa. 534, 167 A.2d. 287 (1961).

The Pennsylvania Divorce Code became effective in July, 1980. Chapter 6 of the Divorce Code deals with the ability of persons to challenge a divorce or annulment decree. Section 601, which is captioned "Limitations on attacks upon decrees" provides:

"The validity of any decree of divorce or annulment issued by a court shall not be questioned, except by appeal, in any court or place in this Commonwealth after the death of either party to such proceeding and if it is shown that a party who subsequently attempts to question the validity of such a decree had full knowledge of the facts and circumstances later complained of, at the time of issuance of said decree, or failed to take any action, despite such knowledge, within two years after the date of such decree, said party shall be barred from questioning such decree and it shall be deemed valid in all courts and places within this Commonwealth."

There is no dispute that John F. Boyle, plaintiff, died on October 30, 1981, and that defendant, Toni L. Boyle, did not file a petition to open and/or vacate the divorce decree of October 15, 1981 until November 12, 1981. Clearly, said petition to open and/or vacate was filed after the death of plaintiff. This court has reviewed the legislative history of the Divorce Code, transcripts of arguments of the Pennsylvania Senate and House of Assembly relative to Senate Bill 450 and House Bill 640, as well as an analysis of said Bills. This court believes that it is apparent that the Legislative intent of Section 601 was to limit an attack on a decree to within the lifetime of both parties. After the death of a party, it is apparent that the validity of a divorce decree can be chal-

lenged only by appeal. Such construction is consistent with The Statutory Construction Act, 1 Pa. C.S.A. §1921, 1922, 1928, 1971, which sets forth the applicable rules for construction of new statutes and code. Section 1921 (a) states:

"The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly. Every statute shall be construed, if possible, to give effect to all its provisions.

Section (b) provides:

When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." Therefore, it is the opinion of this court that upon the death of plaintiff, John F. Boyle, on October 30, 1981, the divorce decree entered on October 15, 1981 is not subject to be questioned except by appeal.

Due to the fact that this court believes that Section 601 of the Divorce Code clearly controls the matter now before it, it will not express any opinion as to the applicability of Section 602 of said Code as raised by defendant, nor Section 605 as raised by plaintiff. Therefore, it is the opinion of this court that it is without jurisdiction to proceed to issue its order of November 12, 1981. The order of November 12, 1981 entered in the above matter is hereby stricken.

## ORDER

And now, this January 25, 1982, it is hereby ordered, adjudged and decreed that order of court dated November 12, 1981 filed in the above matter is hereby stricken.