440 A.2d 625

Lloyd LYONS, Jr. Personally and in his capacity as Executor of the Estate of Lloyd Lyons, Sr.,

v.

BECHTEL CORPORATION and Public Service Electric & Gas Company and Liberty Organization, Appellants.

Superior Court of Pennsylvania.

Argued Dec. 5, 1980.

Filed Jan. 29, 1982.

Charles W. Craven, Philadelphia, for appellants.

Jed Abramowitz, Philadelphia, for appellees.

Before HESTER, CAVANAUGH and VAN der VOORT, JJ.

CAVANAUGH, Judge:

This is an appeal by Bechtel Corporation, Public Service Electric & Gas Company and Liberty Organization from an order of the lower court dismissing their preliminary objections as untimely. We conclude that we do not have jurisdiction to decide this case and we therefore quash this appeal.

On December 28, 1979, appellees commenced two identical actions against appellants one in the Court of Common Pleas of Philadelphia County, Pennsylvania and the other in the Superior Court of New Jersey, at Camden County. In April, 1980, John P. Penders, Esquire entered his appearance on behalf of all defendants. Mr. Penders immediately requested that plaintiff grant appellants an extension of time in which to answer or otherwise plead. Appellee's counsel responded by granting appellants a reasonable extension of time to answer but not to otherwise plead. In May, 1980, appellants filed preliminary objections alleging that Pennsylvania action should be dismissed under the doctrine of forum non conveniens. In June, 1980, appellee filed preliminary objections to appellants' preliminary objections averring that appellants' preliminary objections were untimely and in contravention of Pa.R.Civil P. 1026 and therefore not properly cognizable.[1] On September 25, 1980, the lower court entered the following order:

AND NOW, to wit, this 25th day of September, 1980, Defendants' Preliminary Objections to Plaintiff's Complaint in Trespass are sustained, and Defendants are granted leave to file an Answer to said Complaint, if desired, within twenty (20) days of the date of this Order.

Plaintiff's Preliminary Objections to Defendants' Preliminary Objections are dismissed as moot.

Judge Greenberg amended his order of September 25, 1980 to correct an error in the language of the original order by entering the following order:

1. Timeliness was the only grounds asserted in appellee's preliminary objections to appellants' preliminary objections.

AND NOW, to wit, this 1st day of October, 1980, it appearing that in our Order dated 9/25/80, we inadvertently used the word *"sustained"* when we meant to use the word *"overruled"*, we hereby amend said Order and substitute the word *"overruled"* for the word *"sustained"*.

In all other respects said Order remains the same.

Appellants have brought this appeal alleging that the order of the court below determined a question of jurisdiction and is thus appealable pursuant to Pa.R.A.P. 341, Final Orders. Though orders dismissing a litigant's preliminary objections predicated upon forum non conveniens are considered questions of jurisdiction,[2] *Schachtel v. Bloche*, 272 Pa.Super. 32, 414 A.2d 654 (1980), the order of the court below denied appellants' preliminary objections on procedural grounds, not on the merits. Therefore, the lower court order was interlocutory and unappealable. *Grier v. Scientific Living, Inc.*, 253 Pa.Super. 113, 384 A.2d 1254 (1978).

The court below, by Judge Greenberg, has made no jurisdictional determination on the basis of forum non conveniens or otherwise. Appellants, erroneously, argue that the amended order of September 25, 1980 overruled their preliminary objections on the merits and not for procedural defects. Though the language of Judge Greenberg's order might be considered ambiguous, Judge Greenberg's opinion of October 10, 1980 is unquestionably clear that the dismissal was procedural and not on the merits. The court's decision was simply to overrule the preliminary objection, not because it found jurisdiction to be proper but because appellants failed to timely file their preliminary objections. Thus, *Grier, supra,* is controlling and requires that this appeal be quashed.

Appeal quashed and case remanded in order that appellants may file their answer to appellee's complaint.

**2.** The Act of March 5, 1925 P.L. 23, § 1, 12 P.S. § 672 was repealed effective June 27, 1980. The appealability of questions of jurisdiction is limited under Pa.R.A.P. 311.