473 A.2d 1100

**Lottie KASHETTA**

v.

**Andrew KASHETTA, Appellant.**

Superior Court of Pennsylvania.

Submitted May 12, 1983.

Filed March 30, 1984.

Petition for Allowance of Appeal Denied June 12, 1984.

Andrew Kashetta, in propria persona.

John Brooks Randle, Scranton, for appellee.

Before WICKERSHAM, WATKINS and MONTGOM-ERY, JJ.

PER CURIAM:

Lottie L. Kashetta filed an action in divorce in the Court of Common Pleas of Lackawanna County against Andrew

A. Kashetta, her husband since October 14, 1939. The complaint of Lottie L. Kashetta was filed in June of 1981 whereas Andrew A. Kashetta had filed a divorce action in August of 1976 to No. 1596 September Term 1976, which action was discontinued on the 5th day of June, 1981.

On June 29, 1981, Andrew A. Kashetta filed preliminary objections to the complaint in divorce, which preliminary objections were dismissed by order of July 17, 1981 by President Judge Edwin M. Kosik. Thereafter, Andrew Kashetta filed a motion to set aside the order of July 17, 1981, which motion was denied July 31, 1981 by court order. Thereafter, Andrew Kashetta filed a notice of appeal to this court from the July 17, 1981 order.[1] We will quash this appeal as being interlocutory. As we said in *Lyons v. Bechtel Corporation*, 294 Pa.Super. 596, 440 A.2d 625 (1982):

> Appellants have brought this appeal alleging that the order of the court below determined a question of jurisdiction and is thus appealable pursuant to Pa.R.A.P. 341, Final Orders. Though orders dismissing a litigant's preliminary objections predicated upon forum non conveniens are considered questions of jurisdiction, *Schachtel v. Bloche*, 272 Pa.Super. 32, 414 A.2d 654 (1980), the order of the court below denied appellants' preliminary objections on procedural grounds, not on the merits. Therefore, the lower court order was interlocutory and unappealable. *Grier v. Scientific Living, Inc.*, 253 Pa.Super. 113, 384 A.2d 1254 (1978).

> The court below, by Judge Greenberg, has made no jurisdictional determination on the basis of forum non conveniens or otherwise. Appellants, erroneously, argue that the amended order of September 25, 1980 overruled their preliminary objections on the merits and not for procedural defects. Though the language of Judge

[1] In this appeal appellant raises the following issue:
Whether Andrew Kashetta is deprived of due process and equal protection of the laws secured by the U.S. Constitution, Amendments 5 and 14.
Brief for Appellant at 2.

Greenberg's order might be considered ambiguous, Judge Greenberg's opinion of October 10, 1980 is unquestionably clear that the dismissal was procedural and not on the merits. The court's decision was simply to overrule the preliminary objection, not because it found jurisdiction to be proper but because appellants failed to timely file their preliminary objections. Thus, *Grier, supra,* is controlling and requires that this appeal be quashed.

*Id.,* 294 Pa.Superior Ct. at 598, 440 A.2d at 626 (footnote omitted).

So too, in the case sub judice, the order of the court below denied appellant's preliminary objections on procedural grounds not on the merits. Therefore, the lower court order was interlocutory and unappealable.

Appeal quashed and case remanded for further proceedings not inconsistent with this opinion. Jurisdiction is relinquished.